## HOPPE v. STATE.

Ohio Appeals, 6th Dist., Lucas Co.

No. 2141. Decided Oct. 26, 1928.

(Judges of the 9th Dist., sitting.)

**First Publication of This Opinion.**

Syllabus by the Court.

CRIMINAL LAW.

(190 M5) In a criminal case, where the accused is indicted for murder in the first degree for killing another in perpetrating a rape, and he enters a plea of guilty as provided in 13692 GC., the trial court is required to receive evidence to determine the degree of crime committed, and if the evidence justifies, may find the accused guilty of murder in the first degree, murder in the second degree, or manslaughter.

When the court, upon a plea of guilty, finds the accused guilty of murder in the first degree but does not find him entitled to mercy, that part of the judgment determining the degree of crime is reviewable, but the part denying mercy is not.

Eldon H. Young and Leonard J. Raab, Toledo, for Hoppe.

Leroy W. Hunt, Pros. Atty., and Clarence A. Irwin, Asst. Pros. Atty., Toledo, for State.

HISTORY:—Hoppe convicted, in Common Pleas, of murder in first degree and sentenced to electrocution. Hoppe prosecutes error. Judgment affirmed. Dismissed by Supreme Court.

### STATEMENT OF FACTS.

Stanley Hoppe, plaintiff in error, who will hereinafter be referred to as the accused, seeks to obtain the reversal of a judgment and sentence of electrocution pronounced upon him by the Common Pleas Court of Lucas county.

The accused was charged with the killing of a little girl seven years of age, in perpetrating a rape upon her; there was but one count in the indictment. By virtue of the statutes of Ohio, the accused could be rightly found guilty under said indictment of murder in the first degree whether he was actually perpetrating a rape or merely attempting to perpetrate a rape at the time of the killing.

The accused was placed on trial and after the state had introduced its evidence against the accused and rested its case, the accused, through his counsel, asked for a day's delay before proceeding with the defense, and the court granted the request.

When the court convened thereafter, the accused being present, counsel for the accused informed the court that the accused desired to

withdraw his plea of not guilty and enter a plea of guilty; and the court, after cautioning the accused and explaining to him fully the consequences of his proposed change of plea, inquired of him whether or not he still desired to change his plea, and he replied that he did; and thereupon, the court permitted him so to plead and discharged the jury from further consideration of the case.

Thereafter, the trial judge, with the approval and consent of the accused and his counsel, asked two other Common Pleas judges of the county to sit with him and hear the evidence and determine the degree of crime committed by the accused; and by agreement, all the testimony theretofore taken was introduced to the court so constituted and then the accused offered a large volume of testimony in his behalf, but he did not himself testify.

The trial judge, with the approval of his associates, found that the degree of crime committed by the accused was murder in the first degree and refused mercy, and thereupon sentenced the accused to be put to death. The attorneys now representing him in this error proceeding, in which he seeks to have such judgment and sentence reversed, are two of the three attorneys who represented the accused in the trial of the case in the Common Pleas Court. In the argument in this court, said attorneys expressly stated to the court that at the time they advised the accused to enter a plea of guilty, they had no thought that he was then insane and that they now make no claim that he was insane at that time, but they do claim that he was insane at the time of the commission of the offense, and that although he was sane at the time he plead guilty and although he was fully advised of the consequences of his plea and understood and appreciated the same, still the trial court abused its discretion in permitting the accused to change his plea.

WASHBURN, P. J.

We have examined all that is shown in the record on this subject and find no element of abuse of discretion on the part of the court in permitting said change of plea.

It is also urged on behalf of the accused that the indictment was defective because the language of the single count in the indictment charged facts which might constitute several different offenses.

We do not find that there is any merit in this claim. Because certain acts may constitute the violation of several different statutes is no reason why said facts cannot be charged in an indictment for the violation of one of said statutes; but in any event, it being a matter relating to the form of the indictment, the plea of guilty waived any such claim. (G. C. Secs. 13581 and 13625; Carper v. State, 27 O. S. 572.)

Counsel for the accused also claim that notwithstanding the plea of guilty, the court should have found from the evidence that the accused was insane at the time of the commission of the crime and not responsible for his acts, and also that he should not have been sentenced to death. This claim is made on the theory that the plea of guilty did not waive the defense of insanity. This has reference to insanity at the time the crime was committed and not to insanity at the time of trial.

It is also insisted that if the accused by his plea waived the defenses he could make before the jury, he could still, under G. C. Sec. 13692, defend against the charge of first degree murder by showing that the killing was not done while in the perpetration of a rape.

Said section provides that when the indictment charges an offense including different degrees, the jury may find the defendant not guilty of the degree charged and guilty of an inferior degree thereof, and if the offense charged is "murder, and the accused is convicted by confession in open court, the court shall examine the witnesses, determine the degree of crime and pronounce sentence accordingly."

We assume that the true effect of this statute is, in the special class of crimes known as homicide, to place the duty upon the court to do that which but for the plea of guilty the jury would be called upon to do after finding the accused guilty of homicide.

In such a case, the jury, by finding the accused guilty, necessarily disposes of all defenses adversely to the accused, leaving to be considered only the specific facts which determine the degree of homicide of which the defendant is guilty. If it be found that the degree of the offense is murder in the first degree, then it would be the further duty of the jury to recommend or withhold mercy.

Applying that conception of the statute to the instant case, the accused plead guilty to unlawfully taking the life of the deceased; and if he was competent to make such a plea and he made it with a full understanding and appreciation of its consequences, he could not thereafter urge any defense whatever to the crime of homicide. If he or his counsel thought that he could establish that the accused was insane at the time the crime was committed, that defense was completely waived by the plea of guilty; and the same is true of drunkenness or any other defense which could have been urged before the jury if a plea of guilty had not been made.

By the plea of guilty the homicide was conclusively established and it became the duty of the court to determine the degree of the offense, and if that was found to be murder in the first degree, then it was the duty of the court to determine whether mercy should be extended to the accused. Whether or not the degree of the offense was murder in the first degree depended upon whether or not the killing was done while the accused was perpetrating a rape or attempting to perpetrate a rape. The three judges who determined that question found that the killing was done in the perpetration of or attempt to perpetrate a rape.

Under said statute it has been determined that the court, upon a plea of guilty of homicide, has the same right as the jury to recommend mercy; and it is claimed in this case that the court erred in not recommending mercy.

As we understand the law, the right conferred upon a jury to recommend mercy in the event of finding the accused guilty of murder in the first degree is a discretionary right and one which is not reviewable; and we think that the same rule applies where the court, in case of a plea of guilty, is called upon to pass upon the question of recommending mercy. But if the matter is reviewable, the record in this case does not disclose that the trial court erred in that regard.

We think that under the law of this state and the facts shown by the evidence in this case, the accused was legally responsible for his

acts, and we find no reason for disturbing the judgment and sentence of the Common Pleas Court or for further postponing the day of execution.

Judgment affirmed.

(Funk, J., and Pardee, J., concur.)