## ALLEN v STATE

Ohio Appeals, 5th Dist, Richland Co

No 419.   Decided May 3, 1933

Theo. M. Berry, Cincinnati, and A. B. Maybee, Shelby, for plaintiff in error.

James V. Will, Pros. Atty., and Jerry Kalbfleish, Mansfield, for State.

SHERICK, PJ.

Six grounds of error are relied upon for a reversal of the judgment. Only two of these need now be considered. The first which charges that the court erred in accepting the plea of guilty to the indictment for the reason that the statement of counsel gave notice to the court that the plea was not made voluntarily, but was induced by fear, and persuasion of his counsel, which held out false hope in that if he plead guilty the court would accord him mercy, and by which he would avoid the death penalty.

This court, as then constituted, in the case of **Brooks v State, 17 Oh Ap 510,** recognized that one charged with a serious crime should not be denied the privilege of changing his plea when such had been made under a mistake due to ignorance.

There is no doubt in the minds of this court but that the plaintiff in error felt assured by his counsel that if he would change his plea to guilty that he would save the county of Richland considerable expense and that his reward would be a recommendation of mercy and an avoidance of the death penalty, and that if he stood trial under his plea of not guilty he would receive a like judgment as had been returned against his co-defendant Probaski.

It is held in **State v Ferranto, 112 Oh St 667, 148 NE 362,** that "a plea of guilty in a capital offense should be accepted cautiously, and the trial judge should fully advise the accused of his rights in the premises, and be satisfied that he acts willingly, freely, and deliberately after being so advised, and with knowledge, appreciation and understanding of the nature and consequences of such plea of guilty." This was not done in the cause now under consideration. It is apparent from the excerpts quoted from the record that the trial court, instead of admonishing the accused, did proceed to state the inevitable conclusion of his guilt from his knowledge gained as the trial judge in the Chandler and Probaski trials, and to accept the change of plea.

Immediately thereafter we find the counsel of the prisoner saying to the court that "the plea of guilty might be termed the plea of counsel rather than the plea of the prisoner." The further statement made plainly indicated that his change of plea was due to his ignorance of procedure and the false hope which he and his counsel no doubt honestly entertained.

It is within the discretion of a trial judge to permit one charged with a capital offense to change his plea to that of guilty, but it should be exercised with great caution when it appears that the accused is ill or not fully advised as to his rights and the consequences incident to his act, and only after a full understanding has been imparted to the accused. The case of **Hoppe v State, 29 Oh Ap 467, (6 Abs 717), 163 NE 715,** is illustrative of the court's duty in such a situation.

It is therefore our conclusion that, in the

manner of the acceptance of the change of plea to that of guilty, and the court's failure to understandingly advise the plaintiff in error as to the consequences of his act, after it was apparent that he had been induced and persuaded to change his plea under a false hope and promise of reward, the court erred in the exercise of his discretion.

Considering now the further claimed error which we deem necessary to consider: that being the fact that the court erred in denying a motion for an inquest into the sanity of the plaintiff in error, and then subsequently and of its own motion, and without notice to the accused's counsel, appointing an alienist to examine the plaintiff in error as to his sanity. Of this examination the alienist made written report, and this was incorporated into the bill of exceptions and is a part of the evidence upon which the trial court acted in reaching its conclusion that mercy should be denied. This report contains irrelevant and incompetent evidence offered and received in the absence of the accused.

Sec 13448-2, GC, provides that if "the accused is convicted by confession in open court, the court shall examine the witnesses, and determine the degree of the crime." This procedure is just as much a part of the trial of a criminal cause as is the plea. It should be done in open court, and an accused afforded opportunity to refute the evidence produced that is adverse to him. The report considered by the trial court contained much matter highly prejudicial to the plaintiff in error. He was denied the right to meet the witness against him face to face.

For the reasons indicated the judgment is reversed and execution stayed, and the cause is remanded to the trial court for further proceedings in accordance with law.

LEMERT and MONTGOMERY, JJ, concur.