OPINION
Defendant, Albert D. Burke, entered pleas of guilty to theft, R.C.2913.02(A)(1), and failure to comply with the order or signal of a police officer, R.C. 2921.331(B) and (C)(3). Burke was convicted on his pleas and thereafter sentenced pursuant to law.
Burke subsequently filed a Crim.R. 32.1 motion to withdraw his guilty pleas and a Crim.R. 33(A) motion for new trial. Both motions were founded on a report that Burke had obtained of a police investigation of Burke's claim that excessive force was used in his arrest. The trial court denied both motions. Burke filed a timely notice of appeal from the trial court's order.
Burke's appellate counsel filed a brief stating that he could find no basis in law or fact on which to reverse the trial court's order. See Anders v. California (1967), 386 U.S. 738. That statement is followed by an additional fourteen pages discussing possible issues for review, which counsel nevertheless states are not meritorious.
Our practice is to notify appellants whose attorneys have filed "Anders brief," giving them an opportunity to bring to our attention any possible issues for review. We gave Burke this option, and he has exercised it, filing an eleven page brief captioned "Supplemental Pleading."
Burke and his appellate counsel each make the same arguments; that the trial court abused its discretion when it denied Burke's motions to vacate his guilty pleas and to order a new trial, and that his trial counsel was ineffective for failing to obtain a copy of the police report concerning Burke's arrest to use at trial.
Burke had no trial; at least, he was not convicted by the court on the basis of a guilty verdict returned by a jury at the conclusion of a trial. Rather, Burke's convictions were a product of his own pleas of guilty, which he entered and were accepted by the court on the second day of his trial.
Pleas of guilty that are knowingly, voluntarily, and intelligently entered waive the defendant's right to trial on the criminal charge or charges involved. It necessarily follows, therefore, that "[a] plea of guilty in a criminal case precludes the defendant from thereafter making a motion for a new trial." State v. Frohner (1948), 150 Ohio St. 53, paragraph thirteen of the syllabus. Where the plea of guilty has been entered after the accused has been placed on trial, any irregularities occurring in the trial are also waived. Hoppe v. State (1928),29 Ohio App. 467.
Burke's guilty pleas precluded his right to file a motion for new trial pursuant to Crim.R. 33(A). Frohner, supra. The trial court did not abuse its discretion when it denied the motion.
Burke's guilty pleas also waived any prejudice arising from his counsel's alleged failure to obtain the police report to use at trial, Hoppe, supra, unless that failure precluded Burke from voluntarily entering the plea. Boykin v. Alabama (1991), 395 U.S. 238,89 S.Ct. 1709, 23 L.Ed.2d 274. Burke does not claim that the guilty plea itself was involuntary. Rather, he suggests that he would have proceeded to trial instead had he known of the police report. His current frustration does not render his plea involuntary.
Burke's motion to vacate his pleas were filed after he was sentenced. Guilty pleas may be vacated in that instance only to correct a "manifest injustice." Crim.R. 32.1.
Burke was apparently injured by blows to his head in the course of his arrest, and the subsequent police report portrays an unprofessional attitude on the part of the officer involved. However, these matters fail to present any "manifest injustice" that arose from Burke's decision to enter a guilty plea. The trial court did not abuse its discretion when it denied the motion.
The error suggested or "assigned" is overruled. The judgment of the trial court will be affirmed.
 _______________ GRADY, J.
WOLFF, P.J. and FAIN, J., concur.