The STATE of Ohio, Appellee,

v.

OVERCASH, Appellant.

[Cite as *State v. Overcash* (1999), 133 Ohio App.3d 90.]

Court of Appeals of Ohio,
Third District, Shelby County.

No. 17–99–04.

Decided Aug. 3, 1999.

*James F. Stevenson,* Shelby County Prosecuting Attorney, and *Michael F. Boller,* Assistant Prosecuting Attorney, for appellee.

*Terry L. Overcash, pro se.*

HADLEY, Judge.

Defendant–appellant, Terry L. Overcash ("appellant"), appeals the decision of the Shelby County Court of Common Pleas adjudicating him to be a sexual predator pursuant to R.C. 2950.09. For the following reasons, we affirm the judgment of the trial court.

The pertinent facts of the case are as follows. In 1988, appellant was charged with the rape of a teenage girl. Pursuant to a negotiated plea agreement, appellant pleaded guilty to the charge of attempted rape. In a later incident involving another teenage girl, appellant pleaded guilty to a charge of misdemeanor assault.

While he was serving his term in prison, the Ohio Department of Rehabilitation recommended that appellant be classified as a sexual predator. A hearing was held on January 29, 1999, in the Shelby County Court of Common Pleas. At the conclusion of the hearing, the trial court found that appellant was a sexual predator pursuant to R.C. 2950.09.

Appellant now appeals, asserting two assignments of error.

ASSIGNMENT OF ERROR NO. I

"The trial court's finding that appellant is a sexual predator is not supported by sufficient evidence."

Appellant asserts in his first assignment of error that the trial court erred in finding that he is a sexual predator. Specifically, appellant maintains that the trial court's decision is not supported by sufficient evidence. For the following reasons, we do not agree.

We first note that R.C. 2950.01(E) defines the term "sexual predator" as follows:

"[A] person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."

R.C. 2950.09(B)(2) sets forth the factors that a trial court should consider when deciding an offender's status as a sexual predator:

"In making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:

"(a) The offender's age;

"(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;

"(c) The age of the victim of the sexually oriented offense * * *;

"(d) Whether the sexually oriented offense * * * involved multiple victims;

"(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;

"(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;

"(g) Any mental illness or mental disability of the offender;

"(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;

"(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;

"(j) Any additional behavioral characteristics that contribute to the offender's conduct."

■ R.C. 2950.09(C)(2) states that after reviewing all testimony, evidence, and the factors listed in R.C. 2950.09(B)(2), the court "shall determine by clear and convincing evidence whether the offender is a sexual predator." Thus, there must be sufficient evidence, as a matter of law, for the trial court to find by clear and convincing evidence that appellant is a sexual predator. The standard of clear and convincing evidence is as follows:

" '[T]hat measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' " *State v. Schiebel* (1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54, 60, quoting *Cross v. Ledford* (1954), 161 Ohio St. 469, 53 O.O. 361, 120 N.E.2d 118, paragraph three of the syllabus.

In reviewing the trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. *Id.*

■ When considering the sufficiency of the evidence, our review of the trial court's determination is limited to whether there is sufficient probative evidence to support the trier of fact's finding as a matter of law. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541, 546. Thus, the question regarding sufficiency of the evidence is whether the evidence against the appellant, if believed, would support the determination that the appellant is a sexual predator. See *id.* at 390, 678 N.E.2d at 548–549.

■ In the case before us, all of the evidence considered by the trial court was adduced from the presentence investigation report. While appellant contends that the trial judge's reliance upon the presentence investigation report during the hearing is error because it constitutes inadmissible hearsay, it is well settled that the Ohio Rules of Evidence do not strictly apply to sexual predator classification hearings. See *State v. Cook* (1998), 83 Ohio St.3d 404, 700 N.E.2d 570; R.C. 2950.01 *et seq.* (Megan's Law). Thus, the trial judge in such hearings may depend upon reliable hearsay, such as a presentence investigation report. *Id.*

■ The following evidence appears in the presentence investigation report. On May 5, 1987, appellant enticed a sixteen-year-old girl into his vehicle. Appellant then drove to a secluded location, whereupon he raped the girl at knifepoint. For this act, appellant pleaded guilty to the charge herein of attempted rape.

Approximately two months after this incident, but prior to his apprehension, appellant enticed two teenage girls, one thirteen years old and the other nineteen

years old, into his vehicle. Appellant then drove to a secluded location, whereupon he fondled and attempted to get on top of the older teenage girl. Appellant was eventually scared away by the victim's resistance, as well as the screams of the other girl. For this act, appellant pleaded guilty to the charge herein of misdemeanor assault.

The presentence investigation report also reveals that appellant has, in the past, by his own admission, had sexual relations with his biological sister, and that he described the incidents by stating, "I didn't know if she was raping me, or me her, or what."

In the face of this evidence, the only evidence appellant presented to the court to rebut the obvious inferences from the foregoing was a statement by his attorney that during his incarceration he successfully completed the Polaris Program, consisting of six hundred sixteen hours over a two-year period, and that he stayed on as an aide and member of the staff upon request after completion of the program.

■ The stated paramount purpose of Megan's Law is protecting children from those persons in our society who would prey on them and then weighing that risk against the obviously limited law enforcement resources available for notification and monitoring. Therefore, the trial courts of Ohio must accurately identify and classify as sexual predators only those convicted pedophiles who pose the greatest risk to children. The registration/notification provisions of R.C. Chapter 2950 are narrowly tailored to comport with the respective dangers and recidivism levels of the different classifications of sex offenders. *Cook*, 83 Ohio St.3d at 422, 700 N.E.2d at 584–585. Therefore, we must insist that the trial court's determination be precise.

The Eighth District Court of Appeals has outlined as follows what it determined to constitute a model sexual predator hearing:

■ "[Both] the prosecutor and defense counsel would take care to identify on the record those portions of the trial transcript, victim impact statements, presentence report and other pertinent aspects of the defendant's criminal and social history that both relate to the factors set forth in R.C. 2950.09(B)(2) and are probative of the second prong of R.C. 2950.01(E). Either side might present expert opinion by testimony or written report to assist the trial court in its determination when there is little information beyond the fact of the conviction itself. The trial court not only would then consider on the record the statutory factors themselves but, in addition, would discuss in some detail the particular evidence and factors upon which it relies in making its determination. Finally, it would include evidentiary materials in the record for purposes of any potential

appeal." *State v. Thompson* (Apr. 1, 1998), Cuyahoga App. No. 73492, unreported, 1998 WL 1032183.

We agree fully with the above approach.

Based upon our review of the record, we find that the trial court's determination was deficient because it lacked specificity as to the factors that the court was considering and basing its determination upon. However, the record does contain sufficient evidence for the trial court to have found by clear and convincing evidence that appellant had previously been convicted of a sexually oriented offense and that he is likely to engage in the future in one or more sexually oriented offenses. Therefore, we find no merit to appellant's claim.

Accordingly, appellant's first assignment of error is overruled.

ASSIGNMENT OF ERROR NO. II

"The trial court erred in not informing appellant of the date, time, and location of the hearing as required by O.R.C. Section 2950.09(C)(2)."

In his second assignment of error, appellant asserts that the trial court erred in failing to give him adequate notice of the date, time, and location of the sexual predator hearing. For the following reasons, we do not agrèe.

R.C. 2950.09(C)(2) stated in pertinent part as follows:

"If the court schedules a hearing under this division, the court shall give the offender * * * notice of the date, time, and place of the hearing."

In the case before us, appellant concedes in his brief that he received notice of the hearing on January 27, 1999. The hearing was not held until January 29, 1999. Thus, we find that appellant was given adequate notice of the hearing.

Appellant also maintains that the state failed to notify him of the time and location of the hearing. We note, however, that appellant was present, with counsel, at the hearing. Further, appellant has not demonstrated any prejudice by the state's alleged failure to provide adequate notice of the time and place of the hearing. For these reasons, we find that appellant's arguments are without merit.

Accordingly, appellant's second assignment of error is overruled.

*Judgment affirmed.*

WALTERS and SHAW, JJ., concur.