DECISION AND JUDGMENT ENTRY
R.C. Chapter 2950 imposes stringent registration and notification provisions on sex offenders proven to be "sexual predators" by "clear and convincing" evidence. This appeal asks whether clear and convincing evidence supports Michael Knox's classification as a sexual predator when the state merely presented an argument and the record reveals that no evidence whatsoever was introduced at the adjudication hearing. Because mere argument has no evidentiary value, we reverse.
 I.
In August 1988, a grand jury indicted the appellant on four counts of rape, in violation of R.C. 2907.02. The indictment also specified that the appellant had been previously convicted for felonious assault and aggravated burglary. The prosecution ultimately dismissed the rape charges in exchange for the appellant's guilty plea to an amended charge of attempted sexual battery (R.C. 2907.03
and 2923.02). The Vinton County Court of Common Pleas sentenced the appellant to one year in prison, to be served consecutively with any prison sanction imposed for a parole violation arising out of the conviction.
In November 1998, the appellant (who was still incarcerated) was summoned for a hearing to determine whether he should be classified as a sexual predator under R.C. 2950.09.[1] See R.C. 2950.09(C)(2)(b). At the hearing, the state presented no testimony and offered no evidence in support of its recommendation that the court adjudicate the appellant as a sexual predator. Rather, the prosecutor told the court that (1) the appellant was on parole for felonious assault and burglary at the time he committed the sexual offense for which he was convicted, and (2) the victim of the sexual offense was fifteen years old at the time of the crime. The appellant, who waived his right to counsel at the hearing, presented no evidence and argued that he should not be "labeled" a sexual predator. The court journalized an entry adjudicating the appellant a sexual predator under R.C. 2950.09(C). In its entry, the court expressly found that the appellant was on parole at the time he committed the sexual offense, the victim of the sexually-oriented offense was fifteen years of age, and the appellant had other felony convictions on his record, including a conviction for felonious assault. The appellant commenced this appeal from the trial court's adjudication, raising a single assignment of error:[2]
 "The conviction of attempted sexual battery alone is not sufficient for the Court to make a finding that the Appellant is a sexual predator."
 II.
The appellant challenges the court's adjudication of his sexual-predator status. He argues that the only "evidence" relied upon by the court was the fact that he was convicted for attempted sexual battery. The appellant contends that conviction for an underlying sexually-oriented offense, without more, is insufficient evidence upon which to base a sexual-predator adjudication. See State v. Ward (1999),130 Ohio App.3d 551, 561; State v. Hicks (1998), 128 Ohio App.3d 647. The state counters that the trial court relied on more than simply the appellant's conviction for attempted sexual battery. The state points to the appellant's prior felony convictions, the fact that the victim of the sexually-oriented offense was only fifteen years old at the time of the crime, and the fact that the appellant was on parole at the time he committed the sexually-oriented offense. The state argues that all of these "factors" support the court's decision to adjudicate the appellant as a sexual predator.
R.C. 2950.01(E) defines a "sexual predator" as a person who (1) has been convicted of or pleaded guilty to committing a sexually-oriented offense and (2) is likely to engage in the future in one or more sexually-oriented offenses. When determining whether an offender should be adjudicated a sexual predator, the court must consider all relevant factors, including those listed in R.C.2950.09(B)(2):
"(a) The offender's age;
 "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense * * *;
 "(d) Whether the sexually oriented offense * * * involved multiple victims;
 "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 "(g) Any mental illness or mental disability of the offender;
 "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "(i) Whether the offender, during the commission of the sexually oriented offense * * * displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
R.C. 2950.09(B)(2) does not require a court to find each factor satisfied in order to make a sexual-predator determination. State v. Gregory (Sept. 30, 1999), Cuyahoga App. No. 74859, unreported; see, also, State v. Mollohan
(Aug. 21, 1999), Washington App. No. 98CA13, unreported (court is under no obligation to "tally up" factors in any particular fashion). The court must only consider all factors that are relevant to its determination. See Statev. Cook (1998), 83 Ohio St.3d 404, 426; see, also, Gregory,supra, citing State v. Tracy (May 20, 1998), Summit App. No. 18623, unreported.
The state has the burden of proving an offender's status as a sexual predator by clear and convincing evidence. R.C. 2950.09(B)(3); State v. Penix (Mar. 9, 1999), Jackson App. No. 98CA831, unreported; State v.Lawless (Oct. 14, 1998), Jackson App. No. 97CA823, unreported. "Clear and convincing evidence" is a measure or degree of proof that is "more than a mere `preponderance of the evidence,' but not to the extent of such certainty as * * * `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." State v. Schiebel (1990), 55 Ohio St.3d 71,74, quoting Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. The standard of review for weight of the evidence issues, even where the burden of proof is "clear and convincing," retains its focus upon the existence of "some competent, credible evidence." Schiebel
at 74. Our review of the record in this case leads us to conclude that the prosecution failed to meet its burden.
There is no dispute that the appellant satisfies the first prong of the "sexual predator" definition. He pleaded guilty to attempted sexual battery, which is a sexually-oriented offense. See R.C. 2950.01(D)(7). The state failed, however, to meet its burden of proof concerning the second prong, i.e. the likelihood that the appellant would commit a sexually-oriented offense in the future. The state presented no evidence or testimony at the sexual predator hearing. Although the prosecutor referred to a report and recommendation by the Department of Rehabilitation and Correction, he did not offer the document as evidence and did not elaborate on how the document showed that the appellant was likely to commit a future sexually oriented offense. The prosecutor merely argued that two of the R.C. 2950.09(B)(2) factors were present because the victim of the appellant's attempted sexual battery was fifteen years old and because the appellant was on parole for prior felony convictions at the time he committed the attempted sexual battery. See R.C.2950.09(B)(2)(b) and (c). Because the state failed to present any testimony or exhibits at the hearing, however, there is no evidentiary support for these arguments. SeeState v. Johnson (Sept. 30, 1999), Cuyahoga App. No. 74841, unreported (sexual-predator determination unsupported by record when prosecutor presented no evidence to substantiate his assertions).[3] We fail to see how the appellant could be adjudicated a sexual predator by "clear and convincing evidence" in the absence of any evidence being presented at the hearing. See Statev. Parker (Sept. 9, 1999), Mahoning App. No. 98CA93, unreported; State v.Taylor (Mar. 11, 1999), Cuyahoga App. Nos. 73342, 73343, unreported.
The state candidly acknowledges in its brief that the appellant's sexual-predator hearing "was not a model hearing." Yet, the state insists that clear and convincing evidence can be gleaned from a hearing at which the prosecutor presented no evidence of any kind. We disagree. On remand, if the state chooses to again pursue a sexual predator adjudication, we encourage the parties and the trial court to follow the guidelines suggested by the Eighth District Court of Appeals:
 "In a model sexual predator determination hearing, the prosecutor and defense counsel would take care to identify on the record those portions of the trial transcript, victim impact statements, pre-sentence report and other pertinent aspects of the defendant's criminal and social history that both relate to the factors set forth in R.C. 2950.09(B)(2) and are probative of the second prong of R.C. 2950.01(E). Either side might present expert opinion by testimony or written report to assist the trial court in its determination when there is little information beyond the fact of the conviction itself. The trial court not only would then consider on the record the statutory factors themselves but, in addition, would discuss in some detail the particular evidence and factors upon which it relies in making its determination. Finally, it would include evidentiary materials in the record for purposes of any potential appeal."
State v. Thompson (Apr. 1, 1999), Cuyahoga App. No. 73492, unreported; see, also, State v. Overcash (1999), 133 Ohio App.3d 90,95-96; State v. Rocha (Dec. 10, 1999), Lucas App. No. L-99-1070, unreported; State v. Casper (June 10, 1999), Cuyahoga App. Nos. 73061, 73062, 73063, 73064, unreported. The proceedings in this case fell far short of this model, thereby jeopardizing the accuracy of the trial court's adjudication. Without accuracy in the sexual predator determinations made by trial courts, we run the risk of "being flooded with a number of persons who may or may not deserve to be classified as high-risk individuals, with the consequence of diluting both the purpose behind and the credibility of the law." Id.
We reverse the trial court's adjudication of the appellant as a sexual predator and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Vinton County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
KLINE, P.J.: Concurs in Judgment Only
EVANS, J.: Concurs in Judgment and Opinion
[1] Although the record is unclear on the point, it appears that the appellant was, in fact, returned to prison for violating the terms of his parole relating to the felonious assault and burglary convictions.
[2] The appellant filed an untimely appeal from the trial court's sexual predator determination. We granted the appellant's motion for leave to file a delayed appeal under App.R. 5(A). State v. Knox (Feb. 17, 2000), Vinton App. No. 00CA538, unreported (entry granting appellant's motion to file appeal).
[3] The state attached to its brief a copy of the judgment convicting the appellant of felonious assault and burglary in 1983. We note, however, that items attached as an appendix to an appellate brief are not part of the record on appeal. Papadelis v. First Am. Sav. Bank (1996),112 Ohio App.3d 576, 581; see, also, App.R. 9(A). Although various parts of the record refer to the appellant's convictions for felonious assault and burglary, the record contains no actual certified copy of the judgment of conviction. Nor does the record contain any judgment revoking the appellant's parole relating to these offenses.