JOURNAL ENTRY AND OPINION
This is a post Senate Bill 2 (Chapter 2929 of the Ohio Revised Code) appeal by appellant Chester Turner who pleaded guilty to one count of aggravated burglary, one count of kidnaping, and one count of attempted rape. The trial court, thereafter, sentenced him to the longest term available on each of the counts and ordered him to serve each sentence consecutively. Additionally, the trial court adjudicated Turner as a sexual predator. Turner challenges the trial court's ruling and assigns the following two errors for our review:
 I. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVIDE, BY CLEAR AND CONVINCING EVIDENCE, THAT THE APPELLANT IS A SEXUAL PREDATOR.
 II. THE TRIAL COURT ERRED BY IMPOSING MAXIMUM CONSECUTIVE SENTENCES IN VIOLATION OF R.C. 2929.14
AND R.C. 2929.19.
Having reviewed the record and the arguments of both the appellee State of Ohio and appellant Chester Turner, we affirm in part, reverse in part, and remand for resentencing. The apposite facts follow, which are not in dispute.
Chester Turner broke into a young woman's apartment at approximately 1:40 AM, with the intent of engaging in sexual intercourse. His victim awoke to find Turner on top of her holding a wine bottle. A struggle ensued during which Turner repeatedly struck the victim in the head with the wine bottle. He continued striking her with the bottle until it broke. The victim, who screamed throughout the attack, managed to crawl from her bedroom to the front door of her apartment. She used one hand to bang on the door for help and the other to hold onto her underwear which Turner kept trying to remove. Turner dragged her into the kitchen, climbed on top of her, and threatened her saying I have a knife and I am going to kill you.
Sometime thereafter, the police arrived; without opening the door, Turner told the police we're o.k. in here. However, his victim yelled, no we are not, please help me. Only at this point did Turner abort his attack. Turner left the apartment through a window.
The police officer arrested Turner, and Turner gave a full statement regarding the attack. Turner stated he broke into the victim's apartment because he was horny, I wanted to have sex with [the victim]. He admitted to climbing in the window, crawling into the victim's bed and pulling his pants and shorts down. He stated I tried to get her panties off but she was moving. Turner stated I didn't put my penis in her vagina, or mouth because she's fighten [sic] me.
The State indicted Turner on one count of aggravated burglary, one count of kidnaping, one count of felonious assault and one count of attempted rape. Turner pleaded not guilty to the charges. However, Turner later changed his plea to guilty and the State dropped its felonious assault charge. The court continued sentencing pending receipt of Turner's presentence report.
After receiving the presentence report, the trial court held a sexual predator hearing. The trial court, considering the factors listed in R.C. 2950.09(B)(2), found that Turner had a prior criminal record for weapons possession and was intoxicated at the time of his prior arrest, that Turner had borderline intellectual functioning, and that he demonstrated extreme cruelty in his attack on the victim. Further, the court found Turner sought to minimize the sexual behavior involved in his crime, and by the time he was interviewed for the presentence report, was in denial of the sexual aspect of his crime. The court noted [t]hat movement would tend to indicate to the court that it is less likely that Mr. Turner is ready to confront these personal sexual issues that he clearly has, with an eye toward rehabilitation. Based on these findings, the trial court adjudicated Turner a sexual predator.
Following the sexual predator adjudication, the trial court held a sentencing hearing. After reviewing the presentence and psychiatric clinic reports, hearing from the victim, the prosecution, and defense counsel, the trial court considered the recidivism and the seriousness factors. The trial court found Turner was on probation at the time he committed his crimes, he has a prior criminal conviction for carrying a concealed weapon,[1] and Turner demonstrated a pattern of alcohol abuse. The trial court found none of the recidivism factors applicable to Turner. Additionally, the trial court found the victim suffered serious physical and psychological harm as a result of Turner's conduct.
The trial court then imposed Turner's sentence as follows:[2]
 [A]s to count one, the aggravated burglary, a felony of the first degree, Mr. Turner is sentenced to ten years at LCI. The maximum is given in light of the fact that the defendant was on probation at the time of the offense, and this particular aggravated burglary is the worst form of the crime.
 The court further finds that a concurrent sentence will not adequately punish the defendant or reflect the seriousness of the conduct or protect society.
 Count four, Attempted Rape, likewise, for the same reason is eight years, to be run consecutively, as the worst form of the crime.
 The defendant being on probation at the time of the crime.
 The third count is kidnaping, and ten years concurrent, and the Court finds these are allied offenses of similar import.
Thus, the trial court imposed maximum consecutive sentences for an aggregate prison term of eighteen years.
In his first assignment of error, Turner challenges the trial court's judgment adjudicating him a sexual predator. Turner argues the State failed to present clear and convincing evidence that he is likely to engage in future sexually-oriented offenses.
Clear and convincing evidence is more than a mere preponderance of the evidence. Rather, a petitioner must prove each of its allegations, clearly and convincingly, producing in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Cincinnati Bar Assoc. v. Massengale (1991), 58 Ohio St.3d 121, 122,568 N.E.2d 1222, 1223, State v. Hamilton (May 14, 1999), Darke App. No. 1471, unreported, quoting In re Brown (1994), 98 Ohio App.3d 337,342-343, 648 N.E.2d 576, 579. In reviewing the trial court's decision based upon clear and convincing evidence, we limit our review to determining whether sufficient probative evidence exists to support the trier of fact's finding as a matter of law. State v. Thompkins (1997),78 Ohio St.3d 380, 386, 678 N.E.2d 541, 546; State v. Overcash (1999),133 Ohio App.3d 90, 726 N.E.2d 1076. In the instant case, we must review the record and determine whether sufficient evidence exists to support the trial court's judgment adjudicating Turner a sexual predator.
The Revised Code defines a sexual predator as a person who has been convicted of or plead guilty to committing a sexually-oriented offense and is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E). In determining whether a sex offender is a sexual predator, a judge shall consider all relevant factors to determine whether the individual is likely to engage in future sex offenses. See R.C. 2950.09(B)(2). After considering the factors, the court shall make the determination that a sex offender is a sexual predator only if its conclusion is supported by clear and convincing evidence. State v. Williams (2000), 88 Ohio St.3d 513, 728 N.E.2d 342.
The factors a court must consider before adjudicating an offender a sexual predator include, but are not limited to, the offender's age and prior criminal record, the age of the victim, whether the sex offense involves multiple victims, whether the offender used drugs or alcohol to impair the victim of the sex offense, whether the offender completed a sentence for any conviction, whether the offender participated in any available program for sex offenders, any mental disease or disability of the offender, whether the offender engaged in a pattern of abuse or displayed cruelty toward the victim, and any other behavioral characteristics that contribute to the sex offender's conduct. R.C.2950.09(B)(2)(a) through (j). R.C. 2950.09(B)(2) does not require that each factor be met, rather it simply requires the trial court consider those factors which are relevant. State v. Rush (Feb. 18, 1999), Cuyahoga App. No. 72835, unreported; State v. Tracy (May 20, 1998), Summit App. No. 18623, unreported.
In the instant case the court found, and defense counsel agreed, Turner exhibited extreme cruelty in his conduct toward the victim. See R.C.2950.09(B)(2)(i). Additionally, the trial court found Turner displayed a diminishing acceptance of responsibility for the sexual aspects of his crime. The proffered evidence demonstrated Turner repeatedly beat his victim in the head with a wine bottle and threatened to kill her with a knife if she failed to submit. The record also indicates Turner distanced himself from the sexual aspect of his crime stating he entered the apartment looking for money and drugs. Initially, he admitted the only reason he entered the apartment was to have sex. Based on our review of the record, we conclude sufficient evidence exists in the record to support the trial court's findings, and thus its sexual predator adjudication. Accordingly, we overrule Turner's first assigned error.
We sustain Turner's second assigned error. Turner argues the trial court erred in sentencing him to maximum consecutive sentences. We conclude the trial court failed to follow State v. Edmonson (1999),86 Ohio St.3d 324, 715 N.E.2d 131, and State v. Bolton (Feb. 24, 2000), Cuyahoga App. No. 75865, unreported. In both cases, the courts have held an offender with no prior prison term is mandated under the code to receive the shortest prison term unless the trial court on the record finds the shortest term would demean the seriousness of the offender's conduct or not adequately protect the public. See R.C. 2929.14(B).
In Edmonson, the Ohio Supreme Court held the following:
 We construe this statute to mean that unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence.
The Ohio Supreme Court thereafter said of the Edmonson record:
 With this record, there is no confirmation that the court first considered [* * * 10] imposing the minimum three-year sentence and then decided to depart from the statutorily mandated minimum based on one or both of the permitted reasons. Accordingly, we agree with the judgment of the court of appeals vacating the trial court's sentence and remanding this cause to the trial court for resentencing.
Our interpretation of Edmonson is that R.C. 2929.14(B) requires a finding with some language on the record from the trial court stating why it is departing from the statutory mandate.
In Bolton, this court held the trial court need not parrot the language of the statute, it must give some indication that it considered the minimum sentence where the offender has not previously served a prison term. In Bolton, the sentencing court stated the court finds that the seriousness of the offense and the ramifications of the offense outweigh any justification for giving you any less than the maximum consecutive terms allowed by law. Id. On review, this court concluded the language used by the trial court constituted an explicit finding that imposing the minimum term of imprisonment, or any term other than the maximum, would demean the seriousness of the offense committed by the appellant. Id.
In Bolton, the trial court said to impose anything less would demean the offender's conduct. We held this language sufficient to establish on the record that the trial court first considered the shortest term but departed upward. Here, the trial court made no finding on the record that evidences its reason for departing from the minimum to the maximum.
We note also that the trial court did make findings as to the maximum consecutive category, but failed to do so as to the shortest term category for this specific type of offender. Consequently, we return this matter to the trial court for it to make findings consistent with R.C.2929.14(B). (Shortest term for an offender with no prior prison term.)
This cause is affirmed in part, reversed in part and remanded for resentencing.
It is ordered that appellant and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution.
ANNE L. KILBANE, J., CONCUR.
JOHN T. PATTON, P.J., DISSENTING IN PART,(WITH ATTACHED OPINION.)
 _________________________________ PATRICIA ANN BLACKMON, JUDGE
[1] The trial court noted two other crimes referenced in the psychiatric report, but not referenced in the presentence report. That being assault and criminal damaging of a police cruiser. But chose to limit her consideration to the carrying a concealed weapons charge noted in the presentence report.
[2] The trial court also revoked Turner's probation on his conviction for carrying a concealed weapon.