OPINION
Appellant, Kenneth Richard Purdy ("Purdy"), appeals from the judgment of the Lake County Court of Common Pleas. Purdy pled guilty to two counts of pandering obscenity involving a minor, and two counts of illegal use of a minor in nudity-oriented material or performance. Appellant was sentenced to five years imprisonment on each count, the sentences to be served concurrently.
Immediately prior to Purdy's sentencing, the trial court conducted a sexual predator hearing pursuant to R.C. 2950.09(B). With respect to this hearing, the trial court entered judgment classifying Purdy as both a sexual predator and a habitual sexual offender. It is these determinations by the trial court from which Purdy appeals.
Purdy is a twenty-seven-year-old male. The offenses he pled guilty to occurred on two separate days. Purdy went on-line and engaged in cyber-chat with a person identifying themself as "Gina 13 OH" ("Gina 13"). Gina 13 was, in fact, a detective with the Lake County Sheriff's Department who was posing as a thirteen-year-old female for the purpose of detecting potential sex-offenders surfing the net. The presentence report indicates that Purdy engaged in a conversation with Gina 13 that became increasingly sexually explicit. Purdy began attempting to seduce Gina 13, believing her to be a minor and a virgin. In the course of explaining how sexual relations work to Gina 13, Purdy committed the offenses he pled guilty to by e-mailing pornographic pictures to Gina 13. According to the presentence report, the pictures depicted minor children engaging in sexual acts. Purdy set up a meeting with Gina 13, but he had to cancel the meeting when he was called in to work. Purdy was then arrested.
Purdy was initially charged with seven felony offenses. He plea bargained and pled guilty to four offenses on August 1, 2000. At that time, sentencing was deferred pending the completion of a presentence investigation, a victim impact statement, a psychiatric evaluation/report pursuant to H.B. 180, which was the legislation creating R.C. 2950, the sexual predator statute. The same court document ordering these reports also set Purdy's case for a "H.B. 180" hearing and sentencing hearing on September 6, 2000. This order was signed by the judge and contemporaneously served on Purdy via his attorney.
The presentence investigation revealed that Purdy had a prior conviction for contributing to the delinquency of a minor, a violation of R.C. 2919.24. This occurred approximately three years prior to the present offenses. Initially in that case, Purdy was charged with corruption of a minor in violation of R.C. 2907.04, but reached a plea bargain for the lesser offense. Corruption of a minor is a substantially more serious charge which the sexual predator statute classifies as a sexually oriented offense. R.C. 2950.01(D)(2)(a). Contributing to the delinquency of a minor is not classified as a sexually oriented offense under R.C. 2950.01(D), as the statute may be violated in numerous non-sexual ways.
However, the underlying facts of that case indicated the offense was sexual in nature, which was brought to light by the presentence report. When Purdy was twenty-four, he befriended a fourteen-year-old girl via the internet. She lived in Maryland. He traveled to Maryland to visit her and then brought her back to Ohio without the parents' permission. He engaged in sexual relations with this girl.
Purdy's attorney referred him to Candace Risen, a social worker and Director of the Sexual Offenders Program at the Center for Marital 
Sexual Health, to have an independent psychiatric evaluation done. Ms. Risen's evaluation, in the context of this case only, was a favorable evaluation for Purdy relative to the evaluation and conclusions reached by the court appointed psychologist. Ms. Risen's report was submitted to the court immediately before the sexual predator hearing. The court reviewed this report.
The state submitted the presentence report and the court ordered psychiatric evaluation into evidence. It did not call any witnesses. However, the psychologist who did the court ordered evaluation was present, and Purdy had the opportunity to, and did, cross-examine him. Purdy did not call any other witnesses. The court concluded that Purdy should be labeled a sexual predator and a habitual sexual offender. From this judgment, Purdy appeals, assigning the following error:
 "The trial court erred to the prejudice of defendant-appellant when it classified appellant to be both a sexual predator and a habitual sexual offender, when the State of Ohio failed to establish by clear and convincing evidence the factors enumerated under R.C. 2950.09(B)(1),(2), and (3)."
In his first issue presented for review, Purdy initially argues that he was not afforded proper notice, or a full hearing prior to his adjudication as a sexual predator. The record does not support these assertions.
On August 1, 2000, the day Purdy pled, his attorney received notice of the hearing to be held on September 6, 2000. The transcript of the hearing reveals Purdy's attorney was fully aware of the substance of the hearing to be conducted. His attorney faxed the court a copy of the independent psychiatric evaluation on the eve of the hearing, in anticipation of the hearing. Purdy's attorney raised no objection to conducting the hearing, nor did he give any indication on the record that he was surprised that it was being conducted. While we note that the form of the hearing notice is far from ideal, in that it indicates an "H.B. 180" hearing is to be conducted, it is evident Purdy was aware of the hearing and had prepared for it. However, it would be preferable if the notice indicated the type of hearing by the code section and title, as opposed to the enabling legislation.
Secondly, Purdy complains that the hearing was not separate from the sentencing hearing. R.C. 2950.09(B)(1) specifically stipulates that the court may conduct the sexual predator hearing as part of the sentencing hearing, so long as the sexual predator determination is made prior to sentencing. Thirdly, Purdy complains that it could not have been a full hearing since the court indicated it intended to allow him to present evidence for "up to a half-hour." In fact, Purdy did not call any witnesses on his behalf, rather, his attorney only called the state's psychiatrist on cross-examination, indicating to the court that he anticipated this would require five minutes. Whatever time limitations the trial court may have initially intended to place on the presentation of evidence, time never became an issue in this hearing. There is no evidence in the record that Purdy's presentation of evidence was inhibited in any way.
Finally, Purdy argues that the evidence before the court did not meet the requisite burden of proof establishing that he was a sexual predator. A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). The issue at the hearing was whether Purdy was likely to engage in sexually oriented offenses in the future.
Under R.C. 2950.09(C)(2), in making its determination whether an offender is a sexual predator, a court must consider all the relevant factors, including, but not limited to, those enumerated in R.C.2950.09(B). After reviewing all the evidence and testimony presented at the sexual predator hearing, and considering the factors specified in R.C. 2950.09(B)(2), the trial court must determine whether it has been presented with clear and convincing evidence that the offender qualifies as a sexual predator. See R.C. 2950.09(C)(2). The trial court need not list each of the criteria set forth in the statute but it must "discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism." Statev. Eppinger (2001), 91 Ohio St.3d 158, 166. This court has also held that when the court makes a finding that an offender is a sexual predator, the trial court should note in its judgment entry that it has concluded, by clear and convincing evidence, that the offender is likely to reoffend.State v. Naples (Dec. 14, 2001), Trumbull App. No. 2000-T-0122, unreported, 2001 Ohio App. LEXIS 5639.
Clear and convincing evidence has been defined as that measure of proof which is more than a mere preponderance of the evidence but less than the extent of certainty required in establishing proof beyond a reasonable doubt in criminal cases. Cincinnati Bar Assn. v. Massengale (1991),58 Ohio St.3d 121, 122. The evidence must establish in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Id. Our task, in reviewing a matter wherein the proof required must be clear and convincing, is to "examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." State v. Schiebel (1990),55 Ohio St.3d 71, 74.
The factors set forth in R.C. 2950.09(B)(2) are as follows:
"(a) The offender's age;
 "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 "(g) Any mental illness or mental disability of the offender;
 "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
A review of the transcript of the hearing and the judgment entry indicates that the court did consider the statutory factors set forth in R.C. 2950.09(B)(2) and discussed on the record that it made findings related to factors (a), (b), (c), (f), (g), and (h). In a sexual predator hearing, a court may rely on reliable hearsay, such as a presentence investigation report, in making its determinations, so long as any such materials are included in the record to allow for proper appellate review. See State v. Overcash (1999), 133 Ohio App.3d 90.
Purdy argues that in this case there was no victim, or any victim impact statement before the court. In fact, there was a victim impact statement submitted by the sheriff's department.
Although the trial court did not expressly state that appellant was likely to reoffend, the record reveals the evidence before the court supported the conclusion, by clear and convincing evidence, that appellant is likely in the future to engage in sexually oriented offenses. Therefore, the trial court was correct in its determination that Purdy be labeled a sexual predator in accordance with R.C. 2950. We affirm the judgment of the trial court in this respect.
In his second issue presented for review, Purdy contends that the trial court erred in deeming him a "habitual sexual offender." Moreover, the state is in agreement that the trial court committed error when designating appellant a habitual sexual offender.
R.C. 2950.01(B) defines habitual sex offenders. In order to meet the definition, the defendant must have been previously convicted of a "sexually oriented offense." R.C. 2950.01(D) defines the phrase "sexually oriented offense." The definition lists the numerous offenses that qualify as such, and Purdy has not been convicted of any of them. While, in actual fact, his prior conviction for contributing to the delinquency of a minor was based on a sexual activity, contributing to the delinquency of a minor is not one of the predicate offenses for an adjudication of "habitual sexual offender." As a matter of law, the requirements for the designation were not met.
We reverse the judgment of the trial court with respect to its designation of Purdy as a habitual sexual offender and remand the matter for the sole purpose of removing this designation from his record.
We affirm the judgment of the trial court in part, reverse in part, and remand the matter for proceedings consistent with this opinion.
CHRISTLEY, J., NADER, J., concur.