OPINION
Brian Legge appeals from the judgment of the Champaign County Common Pleas Court wherein the court found him to be a sexual predator.
Legge was convicted of gross sexual imposition and abduction on April 22, 1994. On May 9, 2001, the trial court found that Legge was a sexual predator. Legge timely appealed that determination and he now raises three assignments of error. In the first assignment he contends the trial court committed plain error in not appointing him an interpreter for the sexual predator hearing.
The following occurred at the hearing conducted on July 10, 1997.
 "THE COURT: Case number is 93CR-196, State of Ohio versus Brian David Legge. The Prosecutor is present along with the Defendant and Defense Counsel.
 "Case is set for consideration of sexual offender status of the Defendant.
"Does the State wish to present information?
 "MR. LOSEY: Yes, Your Honor, if it please the Court, the State would ask that the Court take into consideration all the matters that have been before the Court in the Court's record in Case Number 93CR-196, including the presentence investigation and the pleadings in the case. Your Honor, we think that the information contained in those sources places this Defendant in the sexual predator category under the factors that are set forth in 2950.09.
 "Specifically, Your Honor, we would bring the Court's attention to the extremely tender age of the victim in this instance and the nature of the offense.
 "We would also point out to the Court that the tender age of the victim in and of itself is a factor, and we also submit that the tender age of this victim speaks of cruelty by its very nature. And insofar as that is concerned, we think it satisfies that factor as well.
 "We also would point out it's the understanding of the State that there were criminal matters already hanging over the Defendant's head at the time of the commission of the offense, and I believe that prior criminal history is a factor to be considered by the Court as well.
"THE COURT: I didn't hear the very last thing you said.
 "MR. LOSEY: We believe the prior criminal history is to be considered under 2950.09.
"THE COURT: Thank you.
 "Counsel for the Defendant, were you retained in the underlying case?
 "MR. MEYER: Your Honor, I don't believe that I was retained in the underlying case. I believe that I was court appointed.
"Is that correct, Brian? Do you know?
 "THE COURT: Do you know of any change in your client's financial status since the underlying situation?
 "MR. MEYER: Nothing positive, Your Honor. I would, you know — as the Court is aware, he's in the institution.
"THE COURT: Thank you.
 "The Court finds that you're still indigent. Did you wish to choose a lawyer to represent you, Mr. Legge?
"DEFENDANT LEGGE: Yes.
"THE COURT: Did you want Attorney Meyer?
"DEFENDANT LEGGE: I can't hear.
"THE COURT: You need a —
"DEFENDANT LEGGE: Interpreter.
 "THE COURT: You need an interpreter? Are you able to hear me talking? Can you hear me?
"DEFENDANT LEGGE: I can read your lips a little bit.
 "THE COURT: All right. You need a lawyer. Do you understand that?
"DEFENDANT LEGGE: A lawyer.
"THE COURT: And do you want Attorney Meyer?
"DEFENDANT LEGGE: Yeah.
 "THE COURT: All right. Attorney Meyer, did you wish to accept that selection?
"MR. MEYER: Yes, Your Honor.
 "THE COURT: The acceptance will be noted by journal entry.
 "Do you believe your client needs an interpreter for the remainder of the hearing?
"MR. MEYER: No.
"THE COURT: All right.
 "MR. MEYER: I believe that we can accommodate him by me repeating what is said to him.
 "THE COURT: Record should reflect that the Defendant was reading Attorney Meyer's lips as he spoke.
"Mr. Legge, did you understand what your lawyer said?
"DEFENDANT LEGGE: Yeah.
 "MR. MEYER: Can you understand me when I look at you and talk?
"DEFENDANT LEGGE: Yeah.
 "THE COURT: Your lawyer says you don't need an interpreter because he will tell you what is happening.
"DEFENDANT LEGGE: Okay.
"THE COURT: Is that all right with you?
"DEFENDANT LEGGE: That's fine.
 "THE COURT: All right. Counsel for the Defendant, did you wish to present any information?
 "MR. MEYER: Your Honor, we would like a continuance to file briefs with respect to the constitutionality and perhaps to file motions as to whether this is a violation of my client's rights to a speedy trial.
 "We also would object to the presentence investigation being adopted by the Court as proof of any element of sexual offender status, and my belief that is too strong a word.
 "It's my understanding that the Court has several sexual offender cases in front of the Court and is in the process of ruling on the constitutionality of the statute even now, and I was wondering if the Court had made any ruling on this particular statute to date.
"THE COURT: No.
"MR. MEYER: Did you understand everything I just said?
"DEFENDANT LEGGE: Yeah.
 "MR. MEYER: Okay. Did I speak too fast or should I go slower?
"DEFENDANT LEGGE: That is fine.
 "MR. MEYER: Okay. I'm sorry, Your Honor. I guess I can speak faster than I was.
 "THE COURT: When you say you want a continuance, are you talking about another hearing or just a time schedule?
 "MR. MEYER: I'm talking about a time schedule to put in a brief on the statute issues, and I don't anticipate us putting on any witnesses. I guess the Prosecutor doesn't want to put on any witnesses other than what he's discussed today. We have no need for another hearing. The rest can be done by briefs.
"THE COURT: How long do you want?
 "MR. MEYER: Do you want to give me any information about this or do you want me to do the legal information?
"DEFENDANT LEGGE: They gave me three trial briefs.
"MR. MEYER: Do you have those with you?
"DEFENDANT LEGGE: In my bag.
"MR. MEYER: Probably two weeks, Your Honor.
 "THE COURT: Thank you. Did the State wish the opportunity to respond to the Defendant's brief?
"MR. LOSEY: Yes, Your Honor.
"THE COURT: How long?
"MR. LOSEY: If we could have seven days.
 "THE COURT: Defendant's brief is due August 4th; The State's August 11th. Thereafter, the Court will decide.
 "You're going back to prison today. Your lawyer will file papers. The Prosecutor will file papers. The Court will decide after that. You'll get a copy of the decision.
 "DEFENDANT LEGGE: Can I talk to him for a minute outside?
"THE COURT: Yes.
 "MR. MEYER: Your Honor, one more thing, I'll be requesting the Court to review shock probation and probation matters under my theory that now that the Court has been given jurisdiction on this case by the state that that jurisdiction should go to allowing probation or shock probation as well, and I will put that in written motion; but I wanted to preserve my right to file that. It will probably be in the form of a motion for shock probation or in the alternative straight probation.
 "THE COURT: Thank you. Has your client completed his discussion with you?
 "MR. MEYER: I believe we're still going to need a little bit longer to talk outside or in the back, probably outside if I can.
 "THE COURT: That would be fine. Do you need anything else from the Court?
 "MR. MEYER: No. We don't need anything else from the Court, do we?
"DEFENDANT LEGGE: Not right now.
"MR. MEYER: No, thank you.
 "THE COURT: Thank you. Does the State need anything else?
"MR. LOSEY: No, thank you.
"THE COURT: Thank you. That will be all."
The Ohio Supreme Court has stated that "[a] defendant who cannot hear is analogous to a defendant who cannot understand English, and a severely hearing-impaired defendant cannot be tried without adopting reasonable measures to accommodate his or her disability." State v. Schaim (1992),65 Ohio St.3d 51, 64. If a defendant makes a credible claim that he or she is seriously impaired, the trial court must hold an evidentiary hearing to determine the degree of the disability. Id. at 64-65. It is then within the trial court's discretion to decide if assistance is required and the best means for assisting the defendant to understand the proceedings. Id. at 65.
The record placed with this court includes the record of the initial bond hearing, the arraignment, the plea hearing, and the sentencing as well as the predator hearing. The record demonstrates that the trial court became aware of Legge's hearing difficulties at the initial bond hearing. Legge appeared in court without his hearing aid which he explained was broken. His counsel explained that he did not think it would present any difficulty "if we speak loud." (Tr. 2 January 7, 1994 hearing). Counsel informed the court that Legge did not understand sign language. (Tr. 5).
At the plea hearing, the trial court provided Legge with a hearing device at counsel table which enabled Legge to understand the trial court's colloquy with him concerning his plea. (See plea hearing of March 23, 1994). At the sentencing hearing, the court again used a special microphone or hearing device to assist Legge in hearing. Legge's counsel made an extensive statement concerning Legge's drug and alcohol problems and at the conclusion of his statement counsel asked Legge if he could hear him and Legge responded that he could. (Tr. 4 Sen. Hearing April 22, 1994). Legge did not appear to have any difficulty hearing the judge, prosecutor and his counsel throughout the sentencing hearing. At the predator hearing, the record does not indicate whether the special microphone was again being used to assist Legge's hearing but the record indicates Legge could hear and understand what was being said in the courtroom. Accordingly, we cannot find that the trial court abused its discretion in not providing Legge with an interpreter at the predator hearing. There was no error much less plain error present in this record. The first assignment of error is overruled.
In his second assignment, Legge contends the trial court erred in not providing him a full and meaningful sexual predator hearing.
It is clear that a sexual predator hearing conducted pursuant to R.C.2950.09(C)(2) must take place prior to the offender's release from confinement. State v. Brewer (1999), 86 Ohio St.3d 160. The Ohio Rules of Evidence do not apply to sexual predator hearings, but that does not mean any and all evidence is admissible. An offender is entitled to procedural due process. State v. Lee (1998), 128 Ohio App.3d 710. The trial court has the discretion to consider all cogent evidence so long as the evidence satisfies a basic standard of being reliable, substantive, and probative. Lee, at 719. For instance, a court may depend on reliable hearsay, such as a presentence investigation report. State v. Overcash
(1999), 133 Ohio App.3d 90.
The record indicates Legge's counsel objected to the court's consideration of the presentence investigation report as proof of his client's sexual offender status. Appellant's counsel specifically stated he did not need another hearing to present additional evidence, but only time to present a brief in opposition to the State's motion to have Legge determined to be a sexual predator. The court granted the additional time he sought to present his legal arguments. The trial court provided Legge with the full hearing required by R.C. 2950.09(C). The second assignment of error is overruled.
In his third assignment, Legge contends his lawyer was ineffective for not requesting an interpreter, for not explaining to him the requirement of consecutive sentences to his underlying convictions and by not requesting a further sexual predator hearing.
Legge's trial counsel was in the best position to know whether his client needed an interpreter. In any event the record fails to reveal that Legge had any difficulty hearing the court proceedings. Legge's claim that his counsel was ineffective at his sentencing is barred by the doctrine of res judicata as he did not appeal the sentence imposed in 1994. Legge has also failed to portray how his trial counsel was ineffective in not requesting a further hearing in the sexual predator classification matter. The appellant's third assignment is also overruled.
The judgment of the trial court is Affirmed.
WOLFF, P.J., and GRADY, J., concur.