JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, Richard Wilder, appeals from the trial court's determination that he is a sexual predator. Upon our review of the record and the arguments of the parties, we affirm the decision of the trial court for the reasons set forth below.
 {¶ 2} On April 30, 1983, Wilder was indicted for various sex crimes committed against six separate adult females in the city of Lakewood. He was charged with four counts of kidnaping, five counts of rape, two counts of gross sexual imposition, one count of attempted rape, and two counts of felonious assault.
 {¶ 3} On October 25, 1983, Wilder pleaded guilty to three counts of rape, two counts of gross sexual imposition, and one count of felonious assault; the remaining eight counts were nolled. The court imposed a sentence of 5 to 25 years on each of the rape counts and ran them consecutively with each other. The trial court also sentenced Wilder to six months to five years on the gross sexual imposition counts and 2 to 15 years on the felonious assault count. These sentences were ordered to run concurrently with the rape sentences for a total of 15 to 75 years imprisonment. On September 3, 2003, the trial court held a hearing to determine whether Wilder should be labeled a sexual predator, pursuant to R.C. 2950.09, upon a request made by the Ohio Department of Rehabilitation and Corrections. After the presentation of evidence, the trial court found Wilder to be a sexual predator.
 {¶ 4} Wilder brings the instant appeal alleging one assignment of error for review:
 {¶ 5} "The trial court erred in determining that the defendant is a sexual predator as the state failed to produce sufficient evidence as to the defendant's likelihood of committing one or more sexually oriented offenses in the future."
 {¶ 6} A sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). In determining whether an offender is a sexual predator, the court should consider all relevant factors, including, but not limited to, the offender's age, prior criminal record regarding all offenses and sexual offenses, the age of the victim, previous convictions, number of victims, whether offender has completed a previous sentence, whether the offender participated in treatment programs for sex offenders, mental illness of the offender, the nature of the sexual conduct, whether the offender used drugs or alcohol to impair the victim of the sexually orientated offense or to prevent the victim from resisting, whether the offender during the commission of the sexually orientated offense displayed cruelty or made one or more threats of cruelty, and any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(2).
 {¶ 7} After reviewing the factors, the court "shall determine by clear and convincing evidence whether the offender is a sexual predator." R.C. 2950.09(B)(3). Clear and convincing evidence is more than a mere preponderance of the evidence; instead, it must produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." CincinnatiBar Assn. v. Massengale (1991), 58 Ohio St.3d 121, 122,568 N.E.2d 1222, State v. Hamilton (May 14, 1999), Darke App. No. 1474, quoting In re Brown (1994), 98 Ohio App.3d 337, 342-343,648 N.E.2d 576. We note, however, that a judgment will not be reversed upon insufficient or conflicting evidence if it is supported by competent credible evidence which goes to all the essential elements of the case. Cohen v. Lamko (1984),10 Ohio St.3d 167, 462 N.E.2d 407.
 {¶ 8} Sexual offender classification hearings under R.C.2950.09 are civil in nature. State v. Gowdy, 88 Ohio St.3d 387,2000-Ohio-355, 727 N.E.2d 579, citing State v. Cook,83 Ohio St.3d 404, 1998-Ohio-291, 700 N.E.2d 570. When conducting a sexual predator hearing, a trial court may rely on information that was not introduced at trial. State v. Thompson (1999), Cuyahoga App. No. 73492. R.C. 2950.09(B)(2) does not require that each factor be met, only that they be considered by the trial court. Id. Oral findings relative to these factors should be made on the record at the hearing. State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473; State v. Kisseberth,
Cuyahoga App. No. 82297, 2003-Ohio-5500.
 {¶ 9} In reviewing a claim of insufficient evidence, this court reviews de novo. State v. Thompkins, 78 Ohio St.3d 380,386, 1997-Ohio-52, 678 N.E.2d 541. Review is limited to whether there is sufficient probative evidence to support the trial court's determination; that is, whether the evidence against the appellant, if believed, would support the determination that the appellant is a sexual predator. Id. at 90; State v. Overcash,133 Ohio App.3d 90, 94, 1999-Ohio-836, 726 N.E.2d 1076.
 {¶ 10} In order to classify an offender as a sexual predator, the state must show that the offender is currently likely to commit a sex crime in the future, not solely that he committed a sex crime in the past. This court recently stated, "a court may adjudicate a defendant a sexual predator so long as the court considers `all relevant factors[,]' which may include a sole conviction." State v. Purser, 153 Ohio App.3d 144,2003-Ohio-3523, 791 N.E.2d 1053, citing State v. Ward (1999),130 Ohio App.3d 551, 560, 720 N.E.2d 603.
 {¶ 11} The Ohio Supreme Court set forth three objectives of a sexual predator hearing in State v. Eppinger (2001),91 Ohio St.3d 158, 2001-Ohio-247, 743 N.E.2d 881. First, a clear and accurate record of the evidence and/or testimony utilized must be created and preserved for appeal. Second, an expert may be required to assist the trial court in determining whether an offender is likely to engage in a sexually oriented offense in the future. Finally, the trial court should discuss, on the record, the evidence and factors of 2950.09(B)(2) upon which it relied in making its determination as to the sexual offender classification. Eppinger at 166.
 {¶ 12} In the instant matter, a complete and accurate record has been presented for review which includes the transcript from the sexual classification hearing, Lakewood police reports, victims' statements, the appellant's institutional record, and the Court Psychiatric Clinic's evaluation report prepared by Dr. Aronoff.
 {¶ 13} The trial court cited to several of the qualifications listed under R.C. 2950.09(B)(2) when making the classification determination. The trial court referenced the appellant's criminal history, his age, the age of the victims, the number of victims, the appellant's mental illnesses, whether the appellant participated in treatment programs for sex offenders, whether the appellant, during the commission of the sexually orientated offense, displayed cruelty or made one or more threats of cruelty, and the nature of the sexual conduct.
 {¶ 14} The psychiatric evaluation of the appellant places him in the medium/high risk category for recidivism. Also, although the appellant completed a program for sexual offenders in 1994 while incarcerated, he now only claims to have raped one woman and argues he is innocent of all other sex crimes to which he earlier admitted and pleaded guilty. It was noted in his record and also in the psychological evaluation that the appellant "does not perceive himself to have a problem with sexuality, and he consistently denies all offenses except for the one just prior to his arrest. Therefore, he will not compile a relapse prevention plan." The appellant has not participated in any sexual reorientation programs since 1994.
 {¶ 15} Further, the trial court found that the appellant committed these rapes and gross sexual impositions by placing a knife to his victims' throats. The court also took into consideration that the appellant committed more than one sexual offense against more than one victim. The appellant assaulted at least six different women, using force and cruelty, over a substantial period of time.
 {¶ 16} It is important to note here that R.C. 2950.09(B)(2) mandates that the trial court take into consideration the factors enumerated under that section, but its analysis is not limited to those factors. The trial court clearly utilized not only those factors in its determination, but also set forth others it found significant.
 {¶ 17} We find as a matter of law that there exists clear and convincing evidence sufficient to conclude that the appellant is likely to commit a sexually oriented offense in the future, and the classification of sexual predator is necessary to protect the public from future harm.
 {¶ 18} Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, A.J., and Calabrese, Jr., J., Concur.