The State of Ohio, Appellee, v. Fore, Appellant.

[Cite as State v. Fore, 18 Ohio App. 2d 264.]

(No. 645—Decided June 3, 1969.)

*Mr. Claire M. Ball, Jr.*, prosecuting attorney, for appellee.

*Mr. Jerry Weiner*, for appellant.

Gray, P. J. At the October 1966 term, the Grand Jury of Athens County returned an indictment against defendant charging him with murder in the first degree of Isabel Fore.

Defendant, through his retained counsel, entered a plea of not guilty and an oral plea of not guilty by reason of insanity to the charge.

Defendant was committed to Lima State Hospital for a mental examination. Afterwards, on November 22, 1966, defendant was brought into court and entered a plea of guilty to murder in the second degree, which is journalized in part as follows:

"* * * and said defendant still maintains that he is not guilty of first degree murder under Section 2901.01 of the Revised Code as charged in the indictment herein, but that he is guilty of second degree murder under Section 2901.05,

which plea is accepted by the state of Ohio." (Emphasis added.)

Defendant assigns the following errors:

"1. The appellant was denied due process of law as provided by the Ohio and federal Constitutions.

"2. The trial court erred in not granting the appellant a hearing based on his representations contained in his petition for relief after judgment."

It is the contention of defendant that a denial of due process occurred when he pleaded guilty to the charge of second degree murder while a plea of not guilty by reason of insanity to a charge of first degree murder had not been withdrawn by him and was still pending.

Defendant asserts that the docket does not reflect in any manner the findings of the evaluation of his mental condition by the psychiatrists at Lima State Hospital.

Complaint is also made that the trial court made certain false assumptions that defendant knowingly and understandably knew what he was doing at the time he pleaded guilty to the lesser included offense of murder in the second degree.

Therefore, defendant asserts, he was not accorded due process of law.

Defendant requests this court to vacate the plea of guilty of murder in the second degree and hold it for naught.

The question propounded by defendant is: How can defendant legally enter a plea of guilty to a charge of second degree murder after he filed a plea of not guilty and an oral plea of not guilty by reason of insanity to a charge of first degree murder, when he did not withdraw such pleas before entering a plea of guilty to the charge of second degree murder?

For the purposes of determining this question, it is conceded that defendant did not withdraw his oral plea of not guilty by reason of insanity to the charge of first degree murder before entering his plea of guilty to the charge of second degree murder.

There is a paucity of cases in Ohio concerning the

force and effect of a plea of guilty to a criminal charge under such circumstances.

In *Hoppe* v. *State*, 29 Ohio App. 467, 473, the court said:

"* * * If he or his counsel thought that he could establish that the accused was insane at the time the crime was committed, that defense was completely waived by the plea of guilty; and the same is true of drunkenness or any other defense which could have been urged before the jury if a plea of guilty had not been made."

The above case was dismissed on petition in error by the Supreme Court of Ohio in *Hoppe* v. *State,* 119 Ohio St. 651.

Defendant, at the time he entered his plea of guilty to the charge of second degree murder, was represented by other counsel. The trial counsel was a former Prosecuting Attorney of Athens County and had represented others charged with murder in the first degree, as defense counsel. We must, therefore, assume that he was experienced in such matters

The Supreme Court, in *State* v. *Ferranto*, 112 Ohio St. 667, 685, 686, said:

"* * * After the plea of guilty, why may not the trial judge do the same thing as the jury would have done, to wit, consider the same evidence that the jury would have considered and reach his conclusion in like manner?

"* * *

"It is said in the case of *State* v. *Habig, supra* [106 Ohio St. 151], on page 166 of the opinion * * *, by Marshall, C. J.:

" 'The accused has confessed his guilt of homicide, thereby waiving the determination of a jury upon that question, but has not waived all consideration of the question of mercy. No legislative provision having been made for impaneling a jury after a confession of guilt in open court, it must be held that the Legislature intended that *all functions of the jury that could be exercised in defenddant's behalf might lawfully be exercised by the court.*' "

Hence, the trial court, exercising both the functions

of the court and the jury, took cognizance of the pleas that defendant had entered and which were still in existence, to wit, the plea of guilty to the charge of second degree murder and the oral plea of not guilty by reason of insanity, and imposed the sentence it deemed appropriate under the circumstances.

It is our opinion that, in pleading guilty, the accused acknowledges full responsibility for all legal consequences of guilt and consents to whatever judgment and sentence the court may legally impose.

The defendant seems to be under the impression that there is a distinction between the effect of a plea of guilty voluntarily entered and a conviction after a trial on the merits. Such a view is clearly erroneous. A conviction ensues whether one pleads guilty to the charge or is found guilty by the court or a jury as the result of a trial on the merits.

The result is the same in each of the following two incidents, first, the entry of a plea of guilty to the charge of murder in the second degree under the circumstances of this case, or second, if defendant had gone to trial before a jury on the indictment of first degree murder on his plea of not guilty and on his plea of not guilty by reason of insanity and the jury had found defendant guilty of the charge of murder in the second degree.

As the transcript discloses, defendant was afforded an opportunity to make any statement to the court before sentence was passed. We must assume that he then knew the facts which he now attempts to assert in this petition as the basis for relief after judgment.

Mr. Justice Holmes said, in this connection, in *Queenan* v. *Oklahoma*, 190 U. S. 548, 552, the following:

"* * * But if the court's view was wrong, if the statute is constitutional—as to which we do not mean to express a doubt—the prisoner had no right to complain, and if it is not, it was his duty to object at the time if he was going to object at all. He could not speculate on the chances of getting a verdict and then set up that he had not waived his rights."

Defendant's claim of constitutional infringement in that the trial court could not accept a plea of guilty of murder in the second degree, for the reason that his plea of not guilty by reason of insanity had not been withdrawn, is likewise without merit for several reasons.

First, we would note that we have grave doubts that the oral plea of not guilty by reason of insanity was properly before the court. Section 2943.04, Revised Code, provides:

"Pleas of guilty or not guilty may be oral. Pleas in all other cases shall be in writing, subscribed by the defendant or his counsel, and shall immediately be entered upon the minutes of the court."

Counsel asserts in his postconviction petition that a plea of not guilty by reason of insanity was entered in writing. The journal entry on arraignment does not so state, nor is there any written plea noted on the transcript, nor is it in the original papers herein. The important significance of this is that the prior section, Section 2943.03, Revised Code, provides, in part:

"* * * A defendant who does not plead not guilty by reason of insanity is conclusively presumed to have been sane at the time of the commission of the offense charged. * * *"

See *Buck* v. *Maxwell, Warden,* 173 Ohio St. 394; *Schaber* v. *Maxwell, Warden,* 348 F. 2d 664.

In the *Schaber case,* unlike the present instance where no trial was held or attempted or evidence presented under the oral plea of not guilty by reason of insanity and the plea abandoned, the court held due process was violated by proceeding to trial where defense counsel had not entered the plea in writing as required by Ohio law.

Second, assuming the plea was properly before the court, we do not deem it necessary to concede that the plea of not guilty was not withdrawn. At the arraignment upon the original indictment, the defendant and his counsel were obviously aware of the pleas allowed by Section 2943.03. They chose to enter a plea under subsection (B) of "not guilty" and under subsection (E) of "not guilty

by reason of insanity." An examination of the proceedings at which the plea of guilty was entered shows that the entry provides, in its material parts:

"* * * and the defendant coming into court in the custody of the sheriff, and also came Joseph B. Yanity, Jr., counsel for said defendant, and said *defendant still maintains that he is not guilty of first degree murder* under Section 2901.01 of the Revised Code as charged in the indictment herein but says he is guilty of second degree murder * * *."

Defendant having shown an awareness of the various pleas and choosing to reassert only the plea of "not guilty" and not a plea of "not guilty by reason of insanity," we are of the opinion that he had abandoned the latter plea. Even assuming that the plea of not guilty by reason of insanity was properly entered, we are compelled to reach the same conclusion.

In a murder prosecution, where defense counsel freely enters for defendant a plea of guilty to a charge of second degree murder, such fact reasonably gives rise to an inference that counsel believed defendant to be sane at the time such plea was entered. *Commonwealth, ex rel. Smith,* v. *Ashe,* 364 Pa. 93, 71 A. 2d 107, 114, certiorari denied, 340 U. S. 812; *People* v. *Codarre,* 14 N. Y. 2d 370, 200 N. E. 2d 570, certiorari denied, 379 U. S. 883.

A plea of guilty to the charge of second degree murder was an implied admission of sanity, and the court's action in accepting such plea was necessarily an affirmation of the court's belief in defendant's sanity. *United States* v. *Cope,* 144 F. Supp. 799; *United States, ex rel. Wing,* v. *Commonwealth,* 90 F. Supp. 208.

Defendant has not met the burden of proof placed upon him in this case.

We are of the opinion that defendant has not shown any grounds for relief; hence, the judgment of the trial court is affirmed.

*Judgment affirmed.*

ABELE and STEPHENSON, JJ., concur.