JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Theodore Jackson appeals from his guilty plea. Jackson contends (1) that his counsel was ineffective in not pursuing the defense of not guilty by reason of insanity, and (2) that the trial court erred in not properly following Crim.R. 11(H) and the required statutory procedures in accepting and determining whether Jackson was not guilty by reason of insanity. We find no merit to the appeal and affirm.
{¶ 2} Jackson was indicted in two different cases for his actions arising out of the kidnapping, robbery, bludgeoning, and attempt to run-over his victim.[1] In Case No. 397205, he was indicted for kidnapping, aggravated robbery, and two counts of felonious assault, all with a repeat violent offender specification attached.
{¶ 3} In Case No. 395790, Jackson was indicted on one count of escape, for failing to comply with post-release controls imposed in a prior case.
{¶ 4} The record indicates that Jackson desired to enter a plea of not guilty by reason of insanity. The matter was referred to a court-appointed psychiatrist for a competency determination. The court-appointed psychiatrist found Jackson to be sane at the time he committed the acts and that he was competent to stand trial.
{¶ 5} One of Jackson's three appointed attorneys then requested that an independent psychiatrist examine Jackson, and the trial court granted the order. The record, however, does not indicate that such an examination ever occurred.
{¶ 6} On February 9, 2001, Jackson entered a guilty plea to all of the charges. In exchange, he was guaranteed a four-year sentence to which the trial court adhered. Prior to Jackson entering his plea, his attorneys stipulated to the court psychiatrist's report, which found Jackson to be sane at the time he committed the acts and that he was competent to stand trial.
{¶ 7} On October 22, 2001, this court granted Jackson's motion to file a delayed appeal. Jackson now appeals and sets forth five assignments of error.
 {¶ 8} I. THE DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS ATTORNEYS FAILED TO FILE A WRITTEN PLEA OF NOT GUILTY BY REASON OF INSANITY.
 {¶ 9} II. THE DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS ATTORNEYS FAILED TO ENSURE THAT THE INDEPENDENT PSYCHIATRIC EVALUATION WAS PERFORMED.
 {¶ 10} III. THE DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS ATTORNEYS FAILED TO CHALLENGE THE COURT PSYCHIATRIC CLINIC'S EVALUATIONS FINDING HIM COMPETENT AND SANE.
 {¶ 11} IV. THE ARRAIGNMENT COURT ERRED BY FAILING TO TRUTHFULLY ADVISE THE DEFENDANT THAT THE PLEA ENTERED ON HIS BEHALF WAS "NOT GUILTY" AND INSTRUCTING THE DEFENDANT THAT HE COULD MAKE A "NOT GUILTY BY REASON OF INSANITY" PLEA IN WRITING.
 {¶ 12} V. THE TRIAL COURT ERRED BY FAILING TO FOLLOW THE PROPER PROCEDURES MANDATED BY R.C. 2945.37, 2945.371 AND 2945.39.
{¶ 13} Jackson argues that his counsel was ineffective for failing to file a written plea of not guilty by reason of insanity, failing to ensure that an independent psychiatric examination was performed, and for failing to challenge the court's psychiatric evaluations finding Jackson to be competent for trial and sane at the time the acts were committed. He also argues that the trial court erred in failing to comply with Crim.R. 11(H) and R.C. 2945.37, 2945.371, and 2945.39 when determining Jackson's claim that he was not guilty by reason of insanity.
{¶ 14} Jackson does not contend that he was not competent to enter a guilty plea or that the plea was not voluntarily, intelligently, or knowingly entered. The record indicates that he clearly understood the nature of the proceedings against him. His attorney, in fact, stated that Jackson actively participated in his representation. By entering into a valid guilty plea, Jackson waived any argument pertaining to his insanity defense. State v. Fore (1969), 18 Ohio App.2d 264, 269; State v.Crawford (Mar. 5, 1993), 7th Dist. No. 91 C.A. 79; State v. Denton (Dec. 29, 1989), 2nd Dist. No. 11376. A plea of guilty is an implied admission of sanity. State v. Fore, supra.
{¶ 15} Furthermore, as to Jackson's ineffective assistance of counsel claim, this court reviews a claim of ineffective assistance of counsel under the two-part test set forth in Strickland v. Washington
(1984), 466 U.S. 668. Under Strickland, a reviewing court will not deem counsel's performance ineffective unless a defendant can show his lawyer's performance fell below an objective standard of reasonable representation and that prejudice arose from the lawyer's deficient performance. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph one of syllabus. To show prejudice, a defendant must prove that, but for his lawyer's errors, a reasonable probability exists that the result of the proceedings would have been different. Id. at paragraph two of syllabus. Judicial scrutiny of a lawyer's performance must be highly deferential.State v. Sallie (1998), 81 Ohio St.3d 673, 674.
{¶ 16} In the instant case, Jackson shows no evidence that he would have been found not guilty by reason of insanity if the defense was vigilantly pursued. He merely speculates what an independent examiner might have concluded. Also, his counsel at the plea hearing stipulated to the court psychiatrist's finding of competency, which, given the reduced sentence Jackson received as part of the plea bargain, was probably in Jackson's best interest. This was a tactical decision on the part of counsel, which the court will not second-guess. State v. Edwards (1997),119 Ohio App.3d 106, 110; State v. Kimmie (Apr. 23, 1998), Cuyahoga No. 71758.
{¶ 17} Although Jackson relies on this court's decision in Statev. Brown (1992), 84 Ohio App.3d 414, for the proposition that failure of defense counsel to pursue the defense of not guilty by reason of insanity constitutes ineffective assistance of counsel, that case is readily distinguishable. The defendant in the Brown case did not enter a guilty plea, but proceeded to trial, and therefore did not waive the assigned error.
{¶ 18} Jackson's assignments of error are overruled.
Judgment is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J. and JAMES D. SWEENEY, J. CONCUR
[1] Jackson also had a third case, Case No. 391306, which was dismissed after Jackson was reindicted.