JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant James W. Wilson appeals from his convictions for felonious assault and having a weapon while under disability based upon his guilty plea. His single assignment of error asserts that he was denied the effective assistance of counsel because his attorney failed to refer him for a psychiatric evaluation and to enter a plea of not guilty by reason of insanity. Appellant waived this argument when he entered his guilty plea. Therefore, we affirm.
 {¶ 2} Appellant was charged in a four-count indictment filed November 18, 2002, with attempted aggravated burglary, two counts of felonious assault, and having a weapon while under disability. He initially plead not guilty to the charges, but on June 23, 2003, he entered a guilty plea to one of the felonious assault charges and to having a weapon while under disability. The court thereafter sentenced him to six years' imprisonment for the felonious assault charge and a concurrent term of one year on the weapon charge.
 {¶ 3} Appellant claims that his attorney provided ineffective assistance of counsel because the attorney did not obtain an evaluation of appellant's sanity and did not enter a plea of not guilty by reason of insanity on his behalf. However, it is well settled that a plea of guilty is a complete admission of guilt. Crim.R. 11(B)(1)." When a defendant enters a plea of guilty as a part of a plea bargain he waives all appealable errors which may have occurred at trial, unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea." State v. Barnett (1991), 73 Ohio App.3d 244, 248 (citingState v. Kelley (1991), 57 Ohio St.3d 127). In other words, "a plea of guilty waives the right to claim that the accused was prejudiced by constitutionally ineffective counsel, except to the extent the defects complained of caused the plea to be less than knowing and voluntary." Id.
 {¶ 4} Appellant does not claim that his plea was not knowing or voluntary. Instead, he claims that his attorney should have requested a psychological evaluation and entered a plea of not guilty by reason of insanity on his behalf. Appellant's admission of guilt has waived this argument. Therefore, we overrule the sole assignment of error and affirm appellant's convictions and sentences.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, J. Concurs.
 Corrigan, A.J. Concurs in judgment only.