OPINION
{¶ 1} Defendant-appellant, Toby Langenkamp (hereinafter "Langenkamp"), appeals the acceptance of his no contest plea by the Shelby County Court of Common Pleas and its adjudication and finding that he is a sexual predator pursuant to Chapter 2950 of the Ohio Revised Code. For reasons that follow, we affirm.
 {¶ 2} On March 17, 2006, Langenkamp was indicted on two counts of rape in violation of R.C. 2907.02(A)(1)(b), first degree felonies, and one count of rape in violation of R.C. 2907.02, a first degree felony. These counts were prosecuted in case no. 06CR000075. On May 16, 2006, Langenkamp was indicted on three counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04, third degree felonies. These charges were prosecuted in case no. 06CR000138.
 {¶ 3} On June 18, 2007, Langenkamp entered a plea of no contest to amended charges in both cases. The indictment in case no. 06CR000075, charging Langenkamp with three counts of rape, was amended to one count of *Page 3 
unlawful sexual conduct with a minor, a third degree felony. The indictment in case no. 06CR000138, charging Langenkamp with three counts of unlawful sexual conduct with a minor, was amended to one count of unlawful sexual conduct with a minor. As a result of the plea deal, Langenkamp plead no contest to a total of two counts of unlawful sexual conduct with a minor, one count for each of the two cases. The trial court accepted Langenkamp's plea of no contest and found him guilty.
 {¶ 4} On June 20, 2007, the trial court held a hearing pursuant to Chapter 2950 of the Ohio Revised Code wherein it determined that Langenkamp should be classified as a sexual predator.
 {¶ 5} On August 21, 2007, the trial court sentenced Langenkamp to four years of incarceration in case no. 06CR000075 and four years of incarceration in case no. 06CR000138 and ordered the two terms to run consecutively. Langenkamp was further ordered to serve post release control in both cases up to a maximum of five years and ordered to pay the costs of prosecution, counsel fees, and any other fees permitted under R.C. 2929.18(A)(4).
 {¶ 6} On September 19, 2007, Langenkamp filed notices of appeal as to case nos. 06CR000075 and 06CR000138, which have been assigned appellate case nos. 17-07-08 and 17-07-09 respectively. On December 26, 2007, this Court consolidated the cases for appeal. *Page 4 
 {¶ 7} Langenkamp now appeals asserting two assignments of error for review.
 ASSIGNMENT OF ERROR NO. I THE TRIAL COURT ERRED IN ADJUDICATING MR. LANGENKAMP A SEXUAL PREDATOR.
 {¶ 8} In his first assignment of error, Langenkamp argues that the trial court erred in adjudicating him as a sexual predator because the trial court relied upon the prosecutor's recitation of the pre-sentence investigation (PSI) report, which was not admitted into evidence. Langenkamp further argues that the trial court abused its discretion by "flatly rejecting" Dr. Bromberg's expert testimony.
 {¶ 9} The State, on the other hand, argues that the trial court did not err in adjudicating Langenkamp as a sexual predator because it considered the factors listed in R.C. 2950.02(B)(2) and the evidence presented by the prosecution during the hearing in conformity with this Court's opinion in State v. Overcash (1999), 133 Ohio App.3d 90,726 N.E.2d 1076. We agree with the State that the trial court did not err in classifying Langenkamp as a sexual predator.
 {¶ 10} R.C. 2950.01(E) defines a sexual predator as "a person who was convicted or plead guilty to a sexually oriented offense and who is likely to engage in the future in one or more sexually oriented offenses." (Am. H.B. 180, Eff 1-1-97); (Am. S.B. 3, Eff. 1-1-02). In order to determine whether an offender should *Page 5 
be classified as a sexual predator, the trial judge must consider the evidence presented at the hearing and all relevant factors, including, but not limited to:
 (a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct. *Page 6 
R.C. 2950.09(B)(2) (Eff. 3-15-01).[1] Trial court judges have discretion in determining what weight, if any, to be assigned to each factor. State v. Thompson (2001), 92 Ohio St.3d 584, 587-88,752 N.E.2d 276. "Rigid rules generally have no place in this determination, as courts should apply the enumerated factors and consider the relevance, application, and persuasiveness of individual circumstances on a case-by-case basis." State v. McKinniss, 153 Ohio App.3d 654,2003-Ohio-4239, 795 N.E.2d 160, ¶ 7, citing State v. Robertson,147 Ohio App.3d 94, 2002-Ohio-494, 768 N.E.2d 1207, ¶ 20.
 {¶ 11} The trial court must determine whether the offender is a sexual predator by clear and convincing evidence. R.C. 2950.09(B)(3) (2001); R.C. 2950.09(B)(4) (2002) (Am. S.B. 3, Eff. 1-1-02). "[C]lear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." State v. Eppinger (2001),91 Ohio St.3d 158, 164, 743 N.E.2d 881, citing Cross v. Ledford (1954),161 Ohio St. 469, 477, 120 N.E.2d 118. It is more than a mere "preponderance of the evidence" but not such evidence that would establish a *Page 7 
given fact "beyond a reasonable doubt" as required in criminal matters.State v. Schiebel (1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54, citingCross, 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 12} On appeal, this Court must determine whether there is sufficient evidence to meet this standard of proof. Overcash,133 Ohio App.3d at 94. "When considering the sufficiency of the evidence, our review of the trial court's determination is limited to whether there is sufficient probative evidence to support the trier of fact's finding as a matter of law." Id., citing State v. Thompkins (1997),78 Ohio St.3d 380, 386, 678 N.E.2d 541. The dispositive question, then, "is whether the evidence against the appellant, if believed, would support the determination that the appellant is a sexual predator." Id.
 {¶ 13} In Overcash, supra, this Court provided an example of a model sexual predator hearing as guidance for counsel and the trial court below:
 "[Both] the prosecutor and defense counsel would take care to identify on the record those portions of the trial transcript, victim impact statements, pre-sentence report and other pertinent aspects of the defendant's criminal and social history that both relate to the factors set forth in R.C. 2950.09(B)(2) and are probative of the second prong of R.C. 2950.01(E). Either side might present expert opinion by testimony or written report to assist the trial court in its determination when there is little information beyond the fact of the conviction itself. The trial court not only would then consider on the record the statutory factors themselves but, in addition, would discuss in some detail the particular evidence and factors upon which it relies in making its determination. Finally, it would include evidentiary materials in the record for purposes of any potential appeal." *Page 8 
133 Ohio App.3d at 95-96 (emphasis added), citing State v. Thompson
(1999), 40 Ohio App.3d 638, 647, 726 N.E.2d 1144. Furthermore, we indicated that a trial judge may rely upon the PSI report when determining sexual predator classification because the rules of evidence do not apply at such hearings. Id. at 94, citing State v. Cook (1998)83 Ohio St.3d 404, 425, 700 N.E.2d 570; R.C. 2950.01. Therefore, Langenkamp's argument that the trial court erred in relying on the PSI is without merit.
 {¶ 14} Lagenkamp's argument that the trial erred in classifying him a sexual predator is also meritless. In this case, the prosecution specifically cited our opinion in Overcash and identified those portions of the PSI report relevant to the R.C. 2950.09(B)(2) factors. The prosecutor stated as follows:
 The pre-sentence investigation, Your Honor, shows that the offender at the time of the incident was 27 years of age. I believe he's now 32.
 The presentence investigation shows his prior record of conviction in 1993 in the Mercer County Common Pleas Court, case number 93-CR-MO-24 for felony theft, attempted corruption of a minor, and felony forgery.
 The case which he's here today for, 075 and 138, are both for convictions of unlawful sexual conduct with a minor, both felonies of the third degree. There were multiple victims and multiple offenses. The age of the victim[s] are Brittany * * *, 12; Vanessa * * *, 15; and the Mercer County victim who is 16. In regards to case number 06-CR-138, alcohol was available in that case that's the Vanessa * * * case.
 The Defendant was placed on probation in Mercer County in case number 93-CR-MO-24. He failed to show for counseling in that case and his probation was revoked. *Page 9 
 The Court has in the record Dr. Martin's report from Forensic Psychiatry Center for Western Ohio dated 12/28/06, which we had a motion hearing on. Dr. Martin found that there was no mental illness or retardation of the Defendant.
 There's a pattern of conduct here where we have three victims; females; they're young, ages 12, 15, and 16.
 The PSI shows also the circumstances of the offense of the report, particularly Brittany * * * shows that she was scared and force was used against her, particularly when he came to her house, put a ladder up to the second story bedroom window, told her to let her (sic) in, took her downstairs from the bedroom to the living room and had anal sex with her. * * *
 You also have the victim impact statements, which I believe the Court's already reviewed.
 * * *
(Aug. 20, 2007 Tr. at 8-9). The prosecutor's statement tracks the R.C.2950.09(B)(2) factors precisely and, as such, was relevant to the Court's sexual predator classification.
 {¶ 15} In addition to the prosecutor's statement identifying relevant portions of the record, the prosecution also presented the testimony of Ron DeLong ("DeLong"), a licensed professional counselor and doctoral student in criminal and clinical psychology, who assessed Langenkamp. (Id. at 11). DeLong testified that the purpose of the assessment "was a psychosexual evaluation to determine sexual predator status, many — mental treatment, levels of denial, typology of the offender." (Id. at 12). DeLong administered various tests, including the Multiphasic Sex Inventory, which identifies forty different sexual *Page 10 
interest indices, sexual knowledge, and non-sexual areas of knowledge, and the Clark Sexual Questionnaire Revised, which identifies sexual interest. (Id. at 12-13).
 {¶ 16} DeLong's conclusions from these tests were that Langenkamp: (1) was guarded in his responses; (2) denied the offenses; (3) had a pattern of sexual behavior stemming back from 1993; (4) had a propensity to act in this manner given the number of victims, the patterns, the ages, and behavioral dynamics; and (5) was sophisticated in his ability to avoid detection, because he would develop friendships with the families and the victims over a period of time before he would engage in the sexual acts. (Id. at 13-14).
 {¶ 17} DeLong also testified that he evaluated Langenkamp based on the Federal Bureau of Investigation Sexual Offender Typology and the Level of Service Inventory-Revised test. (Id. at 14-15). The former test identified Langenkamp as a "morally indiscriminate child molester," meaning he lacks concern for his victims and engages in sexual behavior as his own sexual proclivities dictate. (Id.). The latter test revealed that Langenkamp's risk factor for general criminal behavior was low to moderate. (Id. at 15-16). In addition to these two tests, DeLong testified that the Static 99 Rapid Risk Assessment for sexual offense recidivism indicated a score of medium to high. (Id. at 16). He further testified that Langenkamp's denial of the incidents was "full scale," meaning he denied all aspects of his criminal activity going back to 1993. (Id.). *Page 11 
 {¶ 18} As a result of all this testing, DeLong concluded that Langenkamp: (1) has an extensive history of sexually deviate behavior; (2) denies all criminal allegations; (3) blames other for his actions, including his own attorney; and (4) shows a propensity to re-offend based on the pattern of sexual acts since 1993 and his subsequent criminal activity. (Id. at 17-18).
 {¶ 19} Langenkamp, in his defense, called Dr. Richard Bromberg ("Bromberg") to testify as a stipulated expert witness. (Id. at 43-44). Bromberg indicated that he had an opportunity to examine Langenkamp and spent approximately one hundred (100) to one hundred ten (110) hours with him. (Id. at 45). Bromberg administered seventeen tests, including: the Sexual Violence Risk-20 Test, the Hare Psychopathy Test, the Minnesota Multiphasic Personality Inventory, the Millon Test, the Rorschach Test, along with others. (Id. at 46). Based on these tests, Bromberg testified that Langenkamp shows signs of a psychotic condition and has severe brain damage to the frontal and temporal part of his brain. (Id. at 47). Bromberg indicated that Langenkamp's brain functions at the same level as a ninety year-old man. (Id. at 49).
 {¶ 20} As to his success interviewing and examining Langenkamp, Bromberg testified that at first Langenkamp did not trust him but later admitted that he had been sexually assaulted by his older brother from ages twelve to fifteen. (Id. at 51). Following this admission by Langenkamp, Bromberg testified that he was better able to examine Langenkamp because of the established trust *Page 12 
between them. (Id.; Id. at 53). On the other hand, Bromberg testified that Langenkamp's brain injury has caused significant memory loss, seizures, and a general distrust of other people. (Id. at 53). He further testified that Langenkamp wants to restore his health and be a productive citizen but has difficulty believing he is as impaired as the brain tests show. (Id. at 54).
 {¶ 21} Based upon the administered tests and his time with Langenkamp, Bromberg testified that Langenkamp has a low risk for recidivism and that his brain damage should be a factor in determining whether he is classified as a sexual predator. (Id. at 58). Bromberg emphasized the fact that since Langenkamp has had significant memory loss, he would not be able to defend himself against allegations of sexual crimes. (Id.). Bromberg also testified that Lagenkamp was passive, not aggressive, and could be helped with medication. (Id. at 59). Finally, Bromberg indicated that Langenkamp does not give evidence of reoccurrence. (Id. at 47-48).
 {¶ 22} Following the presentation of this evidence at the hearing, the trial court found Langenkamp to be a sexual predator. The trial court provided the following rationale for its determination:
 The-the Court, first of all, on the issue of the sexual predator classification, there's a lot of things that can go into the Court's determination of whether or not Mr. Langenkamp's a sexual predator, aside from all the tests that were administered. The Court considers a lot of other factors, and a lot of those other factors are — of prime importance is that this is not the first offense. Mr. *Page 13 Langenkamp has a prior sexual offense involving young girls. That's the attempted corruption of a minor up in Mercer County back in 1993 for which he was placed on probation, violated his probation, one of the terms of — that he violated then was because he wouldn't-he wouldn't follow through with the sexual predator or the counseling back then — for the type of offense for which he did then [sic] was sent to prison.
 The Court looks at the facts of this case, cases I should say, and notes the — the Defendant here committed these current offenses. There was more than one — one victim. There was two underage girls, one was 12, one was 15. The Court notes — there was more than one victim.
 The Court notes that based on the evidence the Defendant committed numerous offenses with these girls. This wasn't one incident. With the one girl he had the sexual encounters over 100 times. The Court considers this fact.
 The Court considers that the Defendant continues to deny his involvement in all these actions with these. Now, there's been testimony here today whether or not this — this — this condition of his brain is involved, whether or not he denies it or — but the Court has heard the testimony of Mr. DeLong and finds that more credible, finds the explanation of Mr. DeLong more credible than that of Dr. Bromberg on the issue of how the brain affects this — the decision that the Court is going to be making here.
 The Court notes that — that the Defendant has no — no — lack of — he shows a total lack of remorse. That the Court accepts the testimony of Mr. DeLong that the Defendant blames everyone else for his criminal behavior; and considering the testimony, the experts that testified here today, the Court finds the testimony of Mr. DeLong more credible on the issue of the classification of a sexual predator. The tests that he administered were more designed to hone in on the psychosexual assessments of an individual.
 So taking all those matters into consideration, the Court finds there is clear and convincing evidence based upon the testimony, the experts' testimony here today, that the-that the defendant, Toby Lagenkamp, is a — is a sexual predator * * * *Page 14 
(Id. at 64-66). In addition to its consideration of the evidence at the hearing, the trial court, in its judgment entry, listed the specific R.C. 2950.09(B)(2) factors it relied upon to determine that Lagenkamp was a sexual predator. The judgment entry provides:
The Court has considered all of the factors contained in O.R.C.Section 2950.09(B)(2), as well as all of the evidence and argumentspresented by the parties, and now makes the following findings offact:
 1. That the Defendant has a prior sexual offense conviction, to wit: Attempted Corruption of a Minor in the Common Pleas Court of Mercer County, Ohio, in 1993, in Case No. 93CRMO24, for which the Defendant served a prison term after violating the terms of his probation.
 2. That the Defendant committed the current offense against more than one victim, to wit: two underage girls, one twelve years of age and the other fifteen years of age.
 3. That the Defendant committed numerous sexual offenses with said underage girls, to wit: over twenty offenses with the twelve year old girl and over one hundred offenses with the fifteen year old girl.
 4. That on many of the offenses, the Defendant supplied alcohol and drugs to his victims.
 5. That on one occasion, while performing a sexual act on the twelve year old girl, the Defendant solicited a sexual act from the fifteen year old girl.
 6. That Defendant continues to deny any involvement or admit his responsibility for his conduct.
 7. That Defendant shows a total lack of remorse for his conduct.
 8. That Defendant continues to place blame for his criminal conduct on others rather than upon himself.
 9. Further, this Court concurs and therefore adopts and incorporates herein, the findings contained in the psycho-sexual assessment from the Midwest Ohio Forensic Services, LLC, authored by Ronald DeLong dated August 12, 2007, and made a part of the pre-sentence *Page 15 investigation report, which concludes that Defendant demonstrates the behaviors of a sexual predator according to the Ohio Revised Code and the behavioral dynamics of known sexual offenders. The Court finds the testimony of Ronald DeLong more credible and reliable than that of Defendant's expert, Richard Bromberg, on the issues relevant to this proceeding.
(Aug. 21, 2007 JE).
 {¶ 23} Our independent review of the evidence presented in this case leads us to conclude that "the evidence against the appellant, if believed, would support the determination that the appellant is a sexual predator." Overcash, 133 Ohio App.3d at 94. Both the prosecutor and the trial court cited those portions of the record, including the PSI and medical reports, that were relevant to the R.C. 2950.09(B)(2) factors and probative to the second prong of R.C. 2950.01(E) as we instructed inOvercash.
 {¶ 24} When applying a sufficiency of the evidence standard, as required in these cases, "[a] reviewing court must * * * allow the trier of fact appropriate discretion on matters relating to the weight of the evidence and the credibility of the witnesses." See e.g. State v.Moyar, 3d Dist. No. 2-06-10, 2006-Ohio-5974, ¶ 12, citing State v.DeHass (1967), 10 Ohio St.2d 230, 231, 227 N.E.2d 212;Overcash, 133 Ohio App.3d at 94. Thus, the fact that the expert evidence was conflicting on the issue of recidivism does not render the trial Court's determination in error for failing to meet the clear and convincing standard required. *Page 16 
 {¶ 25} For all these reasons, Langenkamp's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II THE TRIAL COURT ERRED IN ACCEPTING THE NO CONTEST PLEA AND FINDING MR. LANGENKAMP GUILTY, AND SENTENCING HIM TO TWO CONSECUTIVE TERMS IN PRISON.
 {¶ 26} In his second assignment of error, Langenkamp argues that the trial court erred in accepting his no contest plea and finding him guilty of the amended charges of unlawful sexual conduct with a minor. The State argues that this issue is not ripe for review because Langenkamp has a pending motion before the trial court to vacate his judgment of conviction and withdraw his plea. We disagree with the State that the issues are not ripe for review; and therefore, we will decide the arguments on the merits. Nonetheless, we find that Langenkamp's arguments lack merit.
 {¶ 27} Langenkamp first argues that the trial court erred in accepting his no contest plea because the prosecutor failed to comply with promises made in the plea agreement. However, Langenkamp acknowledges that he "cannot explain [the issue] further because the record does not reflect the terms of the plea agreement * * *". (Appellant's Brief at 21). Langenkamp, as the appellant, has the burden "to identify in the record the error on which the assignment of error is *Page 17 
based"; since he cannot meet this burden, we need not consider this argument further. App.R. 12(A)(2); 16(A)(7).
 {¶ 28} Langenkamp also argues that the trial court erred in accepting his no contest plea without requiring that his previously tendered plea of not guilty by reason of insanity (NGRI) plea be withdrawn. This argument lacks merit. "[W]hen a defendant enters a plea of not guilty by reason of insanity and then later enters a plea of guilty without formally withdrawing the not guilty by reason of insanity plea, the defendant has waived any argument pertaining to the insanity defense."State v. McQueeney, 148 Ohio App.3d 606, 2002-Ohio-3731,774 N.E.2d 1228, ¶ 34, citing State v. Fore (1969), 18 Ohio App.2d 264, 269,248 N.E.2d 633; State v. Timmons (Mar. 11, 2002) 5th Dist. No. 2001CA00191;State v. Jackson, 8th Dist. No. 80299, 2002-Ohio-2711.
 {¶ 29} Applying this rule of law, the Court of Appeals for the Twelfth District found that a trial court did not err in accepting a defendant's guilty plea even though the defendant's prior NGRI plea was not formally withdrawn. Id. Since a defendant must enter both a guilty plea and a no contest plea under the same applicable standard — knowingly, voluntarily, and intelligently — we find this rule of law applies when the defendant subsequently entered a plea of no contest as well. Cf.State v. Stakelin (Apr. 29, 1980), 2d Dist. No. 6243, at *4. We, therefore, hold that the trial court did not err in accepting Langenkamp's no *Page 18 
contest plea even though Langenkamp did not formally withdraw his NGRI plea. McQueeny, 2002-Ohio-3731, at ¶ 34-36.[2]
 {¶ 30} Langenkamp's second assignment of error is, therefore, overruled.
 {¶ 31} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgments of the trial court in case nos. 06CR000075 and 06CR000138.
Judgments Affirmed.
 SHAW, P.J., and WILLAMOWSKI, J., concur.
[1] R.C. 2950.09 has been amended several times since the criminal acts in these cases. (2007 S.B. 10, eff. 1-1-08; 2006 S.B. 260, eff. 1-2-07; 2004 H.B. 473, eff. 4-29-05; 2003 S.B. 5, eff. 7-31-03; 2002 H.B. 485, eff. 6-13-02; 2002 S.B. 175, eff. 5-7-02; 2002 H.B. 393, eff. 7-5-02; 2001 S.B. 3, eff. 1-1-02; 2000 H.B. 502, eff. 3-15-01). The criminal acts in case no. 06CR000075 occurred on or about Nov. 2001 and continued until about Jan. 1, 2003. (Mar. 17, 2006 Indictment). The criminal acts in case no. 06CR000138 occurred on or about Apr. 2004 and continued until about June 2004. (May 19, 2006 Indictment). However, trial judges were required to analyze factors, which are substantively the same to determine if the offender should be classified as a sexual predator. The only modification, which is irrelevant to this case, is that the 2002 version, and versions thereafter, includes language for "delinquent child" offenders; otherwise, the applicable factors are substantively equivalent.
[2] Furthermore, we fail to see any prejudice to Langenkamp. The trial court ordered an evaluation of Langenkamp's mental competency pursuant to R.C. 2945.371. (R. at 42, 77). Furthermore, it is apparent that the parties agreed that the results of the evaluation demonstrated that Langenkamp was competent to stand trial. (See R. at 60). Under these circumstances, we cannot find that the trial court erred in accepting Langenkamp's subsequently tendered plea of no contest. *Page 1