[Cite as *State v. Pepper*, 2014-Ohio-3841.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI   COUNTY

STATE OF OHIO                                           :
                                                        :          Appellate Case No. 2013-CA-6
            Plaintiff-Appellee                          :
                                                        :          Trial Court Case No. 12-CR-154
v.                                                      :
                                                        :
DONALD R. PEPPER                                        :          (Criminal Appeal from
                                                        :           Common Pleas Court)
            Defendant-Appellant                         :
                                                        :

. . . . . . . . . . .

O P I N I O N

Rendered on the 5th day of September, 2014.

. . . . . . . . . . .

ANTHONY E. KENDELL, by JANNA L. PARKER, Atty. Reg. #0075261, Miami County
Prosecutor's Office, 201 West Main Street, Troy, Ohio 45373
            Attorneys for Plaintiff-Appellee

REBEKAH S. NEUHERZ, Atty. Reg. #0072093, Neuherz Law Office, LLC, 115 North Main
Street, Suite F, Urbana, Ohio 43078
            Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1}    Donald R. Pepper appeals from his conviction and sentence following a

negotiated guilty plea to one count of murder.

{¶ 2} Pepper advances two assignments of error. First, he contends the trial court erred in denying his motion for a second psychological examination. Second, he alleges ineffective assistance of counsel based on his attorney's failure to file a written plea of not guilty by reason of insanity (NGRI).

{¶ 3} The record reflects that Pepper originally was charged with one count of aggravated murder. He entered a not-guilty plea. Thereafter, he moved for and received a psychological evaluation that examined his competence to stand trial and his sanity at the time of the offense. Following the evaluation, the trial court held a hearing on the matter. At the hearing, the parties stipulated to the admissibility of the examining doctor's reports, which found that Pepper was competent to stand trial and that he did not meet the legal definition of insanity. Pepper then moved for a second evaluation to be performed by someone of his choosing. The trial court overruled that motion. It also found Pepper competent to stand trial. Pepper subsequently entered a negotiated guilty plea to one count of murder rather than aggravated murder. The trial court imposed a mandatory prison sentence of fifteen years to life. This appeal followed.

{¶ 4} In his first assignment of error, Pepper challenges the trial court's denial of his motion for a second psychological examination. In support, he relies on R.C. 2945.371, which provides:

(A) If the issue of a defendant's competence to stand trial is raised or if a defendant enters a plea of not guilty by reason of insanity, the court may order one or more evaluations of the defendant's present mental condition or, in the case of a plea of not guilty by reason of insanity, of the defendant's mental condition at the time of the offense charged. An examiner shall conduct the evaluation.

(B) If the court orders more than one evaluation under division (A) of this section,

the prosecutor and the defendant may recommend to the court an examiner whom

each prefers to perform one of the evaluations. *If a defendant enters a plea of not*

*guilty by reason of insanity and if the court does not designate an examiner*

*recommended by the defendant, the court shall inform the defendant that the*

*defendant may have independent expert evaluation* and that, if the defendant is

unable to obtain independent expert evaluation, it will be obtained for the

defendant at public expense if the defendant is indigent.

(Emphasis added) R.C. 2945.371(A) and (B).

{¶ 5} Pepper argues that his sanity was "at issue" because the evaluation the trial court ordered addressed both his competence to stand trial and his sanity at the time of the offense. Under these circumstances, Pepper claims the trial court erred in denying his request for an additional evaluation. He insists that R.C. 2945.371(B) gave him a right to an independent expert evaluation.

{¶ 6} Upon review, we find Pepper's argument unpersuasive for at least three reasons. First, we see nothing in R.C. 2945.371 that compelled the trial court to order a second psychological examination. Section (B) of the statute only applies when "more than one evaluation" is ordered, or, alternatively when an NGRI plea is entered. Only one evaluation was ordered and Pepper never entered an NGRI plea. Because only one evaluation was ordered and because Pepper did not enter a NGRI plea, the language in R.C. 2945.371(B) upon which he relies had no applicability. Second, his guilty plea constituted an implied *admission* of sanity, and the trial court's acceptance of the plea was an affirmation of its belief in Pepper's sanity. *State v. Fore*, 18 Ohio App.2d 264, 248 N.E.2d 633 (4th Dist. 1969). Third, with regard to Pepper's

competence to stand trial, "issues of competency as they relate to a defense to criminal charges are waived by a plea of guilty." *State v. Denton*, 2d Dist. Montgomery No. 11376, 1989 WL 159195 (Dec. 29, 1989). "Pleas of guilty or *nolo contendere* waive all issues of fact and allow the court to go forward on the basis of the record, resting on the presumption of competence created by the law." *Id.* For the foregoing reasons, Pepper's first assignment of error is overruled.

{¶ 7}   In his second assignment of error, Pepper  alleges ineffective assistance of counsel based on his attorney's failure to file a written NGRI plea. He reasons that if such a plea had been entered, R.C. 2945.371(B) would have compelled the trial court to grant his request for a second, independent psychological evaluation. In connection with this assignment of error, he also suggests that his attorney provided ineffective assistance by not challenging the reports from the psychological evaluation that was performed.

{¶ 8}   Once again, we find Pepper's argument unpersuasive for at least three reasons. First, as set forth above, he did undergo a psychological evaluation to assess his competence and sanity. The expert reports prepared by psychologist Scott Kidd unequivocally found that Pepper was competent to stand trial and sane at the time of the offense. Pepper has not identified any particular basis on which to challenge those reports. In light of that evidence, we cannot say defense counsel provided ineffective assistance by failing to pursue an NGRI plea. *Cf. State v. Purcell*, 107 Ohio App.3d 501, 506, 669 N.E.2d 60, 64 (1st Dist. 1995) ("The findings of the experts retained or appointed in this case uniformly indicate that appellant * * * was not insane according to Ohio law. We cannot say that trial counsel was ineffective in failing to pursue a defense of not guilty by reason of insanity where that defense was not supported by expert testimony."); *State v. Anaya*, 191 Ohio App.3d 602, 2010-Ohio-6045, 947 N.E.2d 212, ¶ 34 (6th Dist.) ("In circumstances that indicate that entering a plea of not guilty by reason of insanity

would be unsuccessful, appointed counsel's decision not to enter that plea is not unreasonable."). Second, Pepper cannot establish prejudice resulting from counsel's failure to file an NGRI plea. Based on the record before us, we see no reasonable probability that such a plea would have prevailed at trial. Third, Pepper's guilty plea waived his ability to raise this particular ineffective-assistance argument. We have recognized that "[a] plea of guilty waives any claim that the accused was prejudiced by ineffective assistance of trial counsel, except to the extent that the ineffectiveness alleged may have caused the guilty plea to be less than knowing, intelligent, and voluntary." *State v. Stivender,* 2d Dist. Montgomery No. 23973, 2011-Ohio-247, ¶ 15. We are unpersuaded that the lack of an NGRI plea caused the guilty plea that Pepper entered to be less than knowing, intelligent, and voluntary. *See State v. Wilson*, 8th Dist. Cuyahoga No. 83413, 2004-Ohio-4079, ¶ 4 ("Appellant does not claim that his plea was not knowing or voluntary. Instead, he claims that his attorney should have requested a psychological evaluation and entered a plea of not guilty by reason of insanity on his behalf. Appellant's admission of guilt has waived this argument.") Our review of the plea-hearing transcript reflects that Pepper's guilty plea *was* knowing, intelligent, and voluntary. For the foregoing reasons, his second assignment of error is overruled.

{¶ 9}   The trial court's judgment is affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and FAIN, J., concur.

Copies mailed to:

Anthony E. Kendell
Janna L. Parker
Rebekah S. Neuherz
Donald R. Pepper
Hon. Christopher Gee