[Cite as *State v. Flint*, 2015-Ohio-3689.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2014-CA-97 |
| | : | |
| v. | : | T.C. NO. 13-CR-528 |
| | : | |
| TIMOTHY LEE FLINT | : | (Criminal appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 11th day of September, 2015.

. . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

ADRIAN KING, Atty. Reg. No. 0081882, Adrian King Law Office, LLC, Post Office Box 302, Xenia, Ohio 45385
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1}  This matter is before the Court on the Notice of Appeal of Timothy Flint, filed August 21, 2014.   Flint appeals from his August 19, 2014 Judgment Entry of Conviction, issued after he pled guilty to one count of felonious assault, in violation of R.C. 2903.11(A)(1), a felony of the second degree.   Pursuant to a plea agreement, another count of felonious assault in another matter was dismissed (Case No. 2013 CR 0534), and Flint received an agreed sentence of four years.

{¶ 2} The record reflects that Flint was indicted herein on July 29, 2013, and he entered a plea of not guilty on August 8, 2013.   The Bill of Particulars provides that the victim herein is Ronald Monroe, and that Flint struck him in the face, knocking him to the ground, resulting in loss of consciousness, a hematoma, and bleeding to the brain. After Flint failed to appear in court while on bond and the matter was subsequently continued on the State's motion, Flint filed a "Motion" which provides:

> The Defendant, through counsel, represents and suggests that there exists a substantial doubt as to the ability of the Defendant to presently stand trial and intelligently and knowingly communicate with his Counsel regarding the preparation and presentation of his defense.
>
> Although the Defendant has previously been evaluated for both competency to stand trial and not guilty by reason of insanity, the Defendant through counsel asks this court for a second evaluation.   The basis for this motion is that counsel for the Defense has received from the prosecution copies of "poetry" written by the Defendant.   **(Attached).**[1]

---

[1] There are no documents attached to the Motion.

These "poems" are bizarre in and of themselves, but what troubles counsel more regarding the nature of the Defendant's mental state now and at the time of the alleged offense, is the reference both by the Defendant and the individual who turned over these documents is the auditory and visual hallucinations the Defendant is experiencing.

When the Defendant was first evaluated for competency and NGRI, no mention of these hallucinations were made in the report. While some of these "poems" pre-date the first evaluation, these poems were not disclosed to the doctors doing the evaluation nor was the fact that the Defendant suffers from hallucinations.

Wherefore the Defendant, through counsel, moves this court pursuant to O.R.C. sec. 29445.37 (sic) and 2945.371, to proceed to an examination into question of the competency of said Defendant (sic).

Wherefore, the Defendant, through counsel, requests that this court appoint one or two disinterested, qualified physicians who are specialists in mental health pursuant to Rule 11 of the Ohio Rules of Criminal Procedure and section 2954.371 of the Ohio Revised Code.

{¶ 3} Flint also filed a "Motion" that provides that he "hereby enters a plea of **Not Guilty by Reason of Insanity**" on April 30, 2014.[2] Flint filed an amended motion on May 1, 2014.

{¶ 4} On June 2, 2014, the court issued an Order that provides: "Counsel for the Defendant has filed a request for competency evaluation and a plea of not guilty by

---

[2] Crim.R. 11(A) requires that pleas of not guilty by reason of insanity be made in writing.

reason of insanity; the court hereby ORDERED said examination pursuant to R.C. 2945.[3]71(G)(3)(4)." The court ordered the Forensic Psychiatry Center for Western Ohio to conduct an examination of Flint on June 11, 2014. The order provides that if "the examiner reports that the Defendant was insane at the time of the offense, a recommendation should be given as to the least restrictive commitment alternative consistent with the Defendant's treatment needs and the safety of the community, pursuant to Ohio Revised Code Section 2945.40(F)." At a competency hearing on June 30, 2014, the court concluded, based upon a report submitted by clinical psychologist Dr. Massimo De Marchis, that Flint was competent to stand trial. The parties stipulated to the admissibility of the report. The court concluded as follows:

THE COURT: The Court has also reviewed the report from Dr. De Marchis. The doctor indicates in his discussion that the evaluation failed to elicit evidence of serious mental illness. Mr. Flint does have a history of juvenile and adult offenses and a rather extensive history of substance use disorders going back to his childhood years.

The Defendant claimed experience of hallucinations in all perceptual areas which the doctor states would be extremely rare, even in the most disturbed psychotic individuals.

The Defendant's clinical presentation was not at all consistent with presentation of an actively psychotic individual, as his communication skills were logical and coherent and his attention and concentration skills, memory skills, social/reasoning skills, and reasoning abilities were intact. The doctor opined Mr. Flint is not a mentally retarded individual. He

possesses a good understanding about his charges, available pleas, and potential consequences of a guilty finding.

He demonstrated a good understanding of the adversarial process, and he was assessed as capable of assisting his attorney in the preparation of his defense and is capable of assessing advantages and disadvantages of entering into plea agreements.

Based upon the evaluation, it's the doctor's opinion, within a reasonable degree of psychological certainty, that the Defendant, Timothy L. Flint, is currently competent to stand trial on both of these offenses.

That being the evidence before the Court, the Court finds that the Defendant is competent to stand trial. Both cases will be scheduled for final pretrial and trial dates.

The court also filed an Entry on July 18, 2014, that provides that "[u]pon review of the report and the opinion of the psychologist, the Court finds the defendant is competent to stand trial."

**{¶ 5}** Also on July 18, 2014, Flint filed a "Withdrawal of Not Guilty By Reason of Insanity Plea," which provides that the "motion is based upon the written report completed by a Clinical Psychologist." On August 11, 2014, in the course of a pretrial conference, Flint made an oral motion for another evaluation, and the following exchange occurred:

* * *

MR. MURPHY:

* * *

As the Court is aware and has mentioned, Mr. Flint, back on June 24,

was evaluated by the Forensic Psychiatry Center for Western Ohio. The report indicated that he was competent to stand trial. Also a not guilty by reason of insanity plea was entered only as to Case 528. It was the doctor's opinion that Mr. Flint was sane at the time of the alleged offense. Mr. Flint has today raised his concerns regarding that evaluation and would request the Court for a second opinion as to just the - - not to the competency issue but to the issue of being not guilty by reason of insanity.

THE COURT: Well, file a motion for that request and I will take it under advisement.

{¶ 6} On August 11, 2014, Flint filed a written "Motion" requesting "a 2nd Not Guilty by Reason of Insanity examination of the Defendant," asserting that the "evaluation by Dr. De Marchis did not sufficiently take into consideration certain traumatic experiences in [Flint's] past.[3] The Defendant would also represent and suggest[] that the doctor did not believe or credit the Defendant's statements." The trial court denied the motion on August 15, 2014, in an Entry that provides: "The motion of the defendant for a second evaluation on this issue of the defendant's mental status at the time of the offense is DENIED," and on that date Flint entered his guilty plea pursuant to the plea agreement.

{¶ 7} Flint asserts a single assignment of error as follows:

THE COURT []ERRED WHEN IT DID NOT INFORM THE DEFENDANT THAT HE HAD THE OPPORTUNITY TO HAVE AN INDEPENDENT PSYCHIATRIC EVALUATION AT THE PUBLIC

---

[3] We note that Dr. Demarchis' report only addresses competency pursuant to R.C. 2945.371(G)(3). An opinion regarding insanity pursuant to R.C. 2945.371(G)(4) was not rendered. Nevertheless, the substance of the report suggests that Flint was malingering.

EXPENSE.

{¶ 8}   Flint directs our attention to R.C. 2945.371, which governs "Evaluations of mental condition," and provides:

(A)   If the issue of a defendant's competence to stand trial is raised or if a defendant enters a plea of not guilty by reason of insanity, the court may order one or more evaluations of the defendant's present mental condition or, in the case of a plea of not guilty by reason of insanity, of the defendant's mental condition at the time of the offense charged.   An examiner shall conduct the evaluation.

(B)   If the court orders more than one evaluation under division (A) of this section, the prosecutor and the defendant may recommend to the court an examiner who each prefers to perform one of the evaluations.   If a defendant enters a plea of not guilty by reason of insanity and if the court does not designate an examiner recommended by the defendant, the court shall inform the defendant that the defendant may have independent expert evaluation and that, if the defendant is unable to obtain independent evaluation, it will be obtained for the defendant at public expense if the defendant is indigent.

{¶ 9} Flint asserts as follows:

Section (B) applies in the instant case. It applies because Mr. Flint entered a not guilty by reason of insanity plea. * * * The court unilaterally ordered that the Forensic Psychiatry Center prepare the evaluation.   * * * The Defense did not recommend the Forensic Psychiatry Center so the

Court was required under the statute to "*inform the defendant that the defendant may have independent expert evaluation and that, if the defendant is unable to obtain independent expert evaluation, it will be obtained for the defendant at public expense if the defendant is indigent.* * * * Nowhere in the statute does the Defense's not making a recommendation relieve the Court of its obligation to inform the Defendant of his opportunity to obtain an independent evaluation at the public expense.

Therefore, Mr. Flint's case should be remanded back to the trial court.

**{¶ 10}** The State directs our attention to *State v. Pepper*, 2d Dist. Miami No. 2013-CA-6, 2014-Ohio-3841 and asserts that "[m]ost important for this appeal: On July 18, 2014, Flint withdrew his not guilty by reason of insanity."

**{¶ 11}** This Court has previously noted that there is a distinction between a defendant's competence to stand trial and a defendant's sanity at the time the offense was committed, as follows:

Whether a defendant is legally insane at the time an offense is committed and competent to stand trial are ruled by two different standards. A defendant is presumed competent unless it is proven by a preponderance of the evidence that, because of his present mental condition, he is incapable of understanding the nature and objective of the proceedings against him or of assisting in his own defense. R.C. 2945.37(G). In *Dusky v. U.S.*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960), the

Supreme Court stated that the test for competency is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceeding against him." Conversely, a person cannot be found not guilty by reason of insanity unless he proves that, at the time of the commission of the offense, he did not know, as a result of severe mental disease or defect, the wrongfulness of his acts. R.C. 2901.01(A)(14).

*State v. Saini*, 2d Dist. Greene No. 2013 CA 36, 2014-Ohio-5582, ¶ 16.

{¶ 12} In *State v. Pepper*, the Appellant appealed from his conviction and sentence after a negotiated plea to one count of murder. *Id.*, ¶ 1. He alleged that the trial court erred in denying his motion for a second psychological evaluation, and that defense counsel was ineffective based on counsel's "failure to file a written plea of not guilty by reason of insanity * * *." *Id.*, ¶ 2.

{¶ 13} This Court determined as follows:

* * * First, we see nothing in R.C. 2945.371 that compelled the trial court to order a second psychological examination. Section (B) of the statute only applies when "more than one evaluation" is ordered, or, alternatively when an NGRI plea is entered. Only one evaluation was ordered and Pepper never entered an NGRI plea. Because only one evaluation was ordered and because Pepper did not enter a[n] NGRI plea, the language in R.C. 2945.371(B) upon which he relies had no applicability. Second, his guilty plea constituted an implied admission of sanity, and the

trial court's acceptance of the plea was an affirmation of its belief in Pepper's sanity. *State v. Fore*, 18 Ohio App. 2d 264, 248 N.E.2d 633 (4th Dist. 1969). Third, with regard to Pepper's competence to stand trial, "issues of competency as they relate to a defense to criminal charges are waived by a plea of not guilty." *State v. Denton*, 2d Dist. Montgomery No. 11376, 1989 WL 159195 (Dec. 29, 1989). "Pleas of guilty or *nolo contendere* waive all issues of fact and allow the court to go forward on the basis of the record, resting on the presumption of competence created by the law." Id. * * *

*Pepper*, ¶ 6.

**{¶ 14}** While Flint entered a plea of not guilty by reason of insanity, he withdrew the plea in writing on July 18, 2014, prior to requesting another evaluation. We agree with the State that the withdrawal of his plea of not guilty by reason of insanity and his subsequent guilty plea waived any right he may otherwise have had to an independent evaluation of his sanity at public expense. Accordingly, Flint's sole assigned error is overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Ryan A. Saunders
Adrian King
Hon. Richard J. O'Neill